## SHAWKEE MFG. CO. et al. v. HARTFORD-EMPIRE CO.

### No. 5203.

Circuit Court of Appeals, Third Circuit.

Jan. 11, 1934.

Rehearing Denied Feb. 21, 1934.

Jo. Baily Brown, of Pittsburgh, Pa., Otto R. Barnett, of Chicago, Ill., and William B. Jaspert, of Pittsburgh, Pa., for appellants.

Byrnes, Stebbins, Parmelee & Blenko, of Pittsburgh, Pa. (Clarence P. Byrnes, of Pittsburgh, Pa., Thomas G. Haight, of Jersey City, N. J., Vernon M. Dorsey, of New York City, William J. Belknap, of Detroit, Mich., and Robson D. Brown, of Pittsburgh, Pa., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

The court below having granted a preliminary injunction enjoining patent infringement, defendants appealed. On hearing by this court, it was agreed the case might be disposed of as if on final hearing.

The patent involved was considered by this court in Hartford-Empire Co. v. Hazel-Atlas Glass Co., reported in 59 F.(2d) 399, 413. Reference thereto obviates needless restatement of the art. It suffices to say the patent in question (Peiler's patent, No. 1,-655,391) was there held valid, and in passing on the question of infringement the court said: "The pertinent element of apparatus, claim 8, is 'means for so moving the implement downwardly during the issue of each mold charge, and upwardly after the issue of said charge, that each charge will be produced and selectively shaped in suspension by the movement of the implement.' True, Peiler showed a particular mechanical construction for so doing, but the Patent Office, in granting this claim, did not restrict it to the particular mechanical connecting Peiler showed, but protected that element in a broader and more generic character, to wit, 'means for moving,' etc., and thereby meant to include any mechanical equivalent of the particular means Peiler showed." Accordingly, we held in the Hartford-Empire-Hazel-Atlas Case that the claims of the Peiler patent there in suit were broad enough to cover the Hazel-Atlas device. For the same reasons we hold that the claims of the patent here in suit are broad enough to cover the defendants' device.

Briefly stated, the functional invention of that patent was the swelling of a gob in suspension to desired shape and shearing such shaped gob in suspension. The patentee showed it could be done by the use of what he called an "impeller," saying: "The various characteristics of the impeller action may be varied"; adding: "As the impeller moves upward it gives an upward or intrusion impulse to the glass within and below the outlet," and "the downward or extrusion impulse of the impeller may be used to control the shape of the body and upper end of the gather and its resulting mold charge." The particular form of impeller the patentee showed was a metallic plunger which discharged or retarded the glass as desired. The present defendant, as its discharge or retard apparatus, uses a double-acting diaphragm, which, actuated by compressed air, will discharge or retard the glass as desired.

It is clear that, if the defendants' apparatus, with a diaphragm acting to discharge or retard glass in suspension to desired form, and shearing the glass, as it does, in suspension, had been in use before the patent in suit, it would have been a complete anticipa-

tion thereof. Coming after the patent, it is as clearly an infringement, and the court committed no error in so holding. We therefore dismiss the appeal and remand the case for proceeding in due course.

### WOOLLEY, Circuit Judge.

In the Hartford-Empire-Hazel-Atlas Case, this court held the claims in suit valid and broad enough to cover the alleged infringing device there in question. Differing sharply as to the scope of the claims and, in consequence, differing on the issue of infringement, I dissented. Regarding myself bound by that decision of the court, I concur in the findings of validity and infringement of the claims here in suit.