## SHAWKEE MANUFACTURING CO. ET AL. v. HARTFORD-EMPIRE CO.

No. 423.   Argued February 9, 10, 1944.—Decided May 15, 1944.

---

*Mr. William B. Jaspert* for petitioners.

*Mr. Francis W. Cole,* with whom *Messrs. Walter J. Blenko, Edgar J. Goodrich,* and *James M. Carlisle* were on the brief, for respondent.

*Solicitor General Fahy, Assistant Attorney General Shea,* and *Messrs. Robert L. Stern* and *Melvin Richter* filed a brief on behalf of the United States, as *amicus curiae,* urging reversal.

MR. JUSTICE BLACK delivered the opinion of the Court.

Here as in *Hazel-Atlas Glass Co.* v. *Hartford-Empire Co., ante,* p. 238, the Circuit Court of Appeals for the Third Circuit has declined to set aside judgments entered at a prior term. 137 F. 2d 764. Both this case and the *Hazel-Atlas* case involve the validity of judgments obtained by Hartford-Empire adjudicating infringement of the "gob feeding" patent No. 1,655,391 owned by Hartford. In the *Hazel-Atlas* case, *supra,* we have held Hartford's proven frauds in connection with obtaining and enforcing that patent were of such nature that the decree of infringement against Hazel-Atlas should be set aside, and have directed that appropriate orders be entered to accomplish that purpose. Nevertheless, it is argued that the decrees rendered against Shawkee and others should be allowed to stand because of certain differences between their situation and that of Hazel-Atlas. These are the differentiating facts:

Hartford's infringement suit against Shawkee and the other petitioners was not begun until 1933 after the decision of the Third Circuit Court of Appeals the previous year holding Hartford's "gob feeding" patent valid and

infringed by Hazel-Atlas. The District Court, having been reversed by that previous decision, held Shawkee and the others guilty of infringement. On appeal to the Third Circuit Court of Appeals, that court did not again quote from the spurious Clarke article but, like the District Court, simply held in favor of Hartford on the authority of the 1932 decision. 68 F. 2d 726. While the appeal was pending final disposition in the Circuit Court, Shawkee's counsel communicated with Judge Buffington charging that the Clarke article was spurious; but at that time Shawkee had no direct proof of its charge. That proof, as pointed out in our *Hazel-Atlas* opinion, *supra,* was available only after the United States offered its evidence in the anti-trust suit in 1941.

None of these facts, we think, should deprive Shawkee and the others of relief against Hartford's fraudulent conduct. To obtain its judgment against them, Hartford successfully used the judgment against Hazel-Atlas without disclosing its previous misconduct. *Keystone Driller Co.* v. *Excavator Co.,* 290 U. S. 240, 246–247. Hartford can derive no aid from the fact that Shawkee reported to the Circuit Court its belief as to the deceptive authorship of the Clarke article. With that charge on the record, honest dealing with the Court required that Hartford should make a full disclosure of its fraudulent conspiracy. Its failure to do so under these circumstances aggravated the previous deception it had practiced on the Patent Office and the courts.

The prayer for relief of Shawkee and the others was that the court adjudge that Hartford did not come into court with clean hands, and that they be fully freed from further obligations under the judgments against them. This relief should be granted. They further prayed that a master be appointed by the Circuit Court of Appeals to render an accounting of costs incurred in these and former proceedings, moneys paid by them to Hartford pursuant to the

challenged judgments, and damages sustained by them because of Hartford's unlawful use of its patent. Whether this type of relief will be granted must depend upon further proceedings in the District Court which entered the judgment of infringement.

The judgment of the Circuit Court of Appeals is reversed. The cause is remanded to it with directions to set aside its 1934 judgment, recall the mandate, and dismiss the appeal; and issue mandate to the District Court with directions to set aside its judgment finding Hartford's patent valid and infringed, deny Hartford all relief against infringement of this patent, and permit Shawkee and the others to bring such further proceedings as may be appropriate in accordance with their prayer for relief.

*Reversed.*

Mr. Justice Roberts:

For the reasons given in my dissent in *Hazel-Atlas Glass Co.* v. *Hartford-Empire Co., ante,* p. 251, I think that the decree should be reversed and the cause remanded, with directions to the court below to grant the petitioners leave to file a bill of review in the District Court.

Mr. Justice Reed and Mr. Justice Frankfurter join in this opinion.

The Chief Justice agrees with the result suggested in this dissent.