## HARTFORD–EMPIRE CO. v. SHAWKEE MFG. CO. et al.

### No. 2791.

District Court, W. D. Pennsylvania.

Oct. 23, 1944.

See also 322 U.S. 271, 64 S.Ct. 1014; 322 U.S. 772, 64 S.Ct. 1281.

Walter J. Blenko and Albert C. Hirsch, both of Pittsburgh, Pa., and S. F. Parham, of Hartford, Conn., for plaintiff.

William B. Jaspert, of Pittsburgh, Pa., Levinson, Becker, Peebles & Swiren and Max Swiren, all of Chicago, Ill., for Glenshaw Glass Co.

William B. Jaspert, of Pittsburgh, Pa., for all defendants.

GIBSON, District Judge.

A mandate from the Circuit Court of Appeals dated July 10, 1944, has been filed in this court. 3 Cir., 137 F.2d 764. It reads in part as follows:

"On consideration whereof, it is now here ordered and adjudged as follows:

"(1) The judgment entered by this court in this cause on January 11, 1934 is set aside;

"(2) The mandate issued by this court to the district court in this cause on October 17, 1934 is recalled; and

"(3) The cause is remanded to the district court with directions

"(a) To set aside its judgment finding the plaintiff's patent valid and infringed,

"(b) To deny the plaintiff all relief against infringement of this patent, and

"(c) To permit the defendants to bring such further proceedings as may be appropriate in accordance with their prayer for relief."

Counsel for the defendants, after return of the mandate of the Circuit Court of Appeals, have appeared and requested the court to enter a form of judgment upon the mandate which includes in addition to the order for judgment findings of fact and conclusions of law. The claim for the findings and conclusions is based upon the contention that the Circuit Court of Appeals, certiorari to its judgment having been granted, 320 U.S. 732, 64 S.Ct. 265, and heard in the Supreme Court, 322 U.S. 271, 64 S.Ct. 1014, is but a conduit to convey the findings and conclusions of the Supreme Court to this court. With this contention this court cannot agree. Our bible in the case is the mandate of the Circuit Court of Appeals. Reading of its mandate discloses that the defendants obtained a certiorari from the Supreme Court and that its judgment was apparently reversed, but if the Circuit Court is to serve as a conduit to convey findings of fact and conclusions of law of the Supreme Court to this court (which we do not say) it must empty more of them than appears by its mandate if they are to be reflected here. This court, in this suit, knows only the Circuit Court of Appeals, and if facts were found in this action by the Supreme Court those facts are not in evidence here. This court knows only its original findings and conclusions, and as those findings were affected by the original mandate of the Circuit Court of

Appeals. The request for findings of fact and conclusions of law, as prayed by defendants, must be denied.

The request for judgment upon the mandate is in reasonable agreement with that document and a judgment in substantial compliance with defendants' suggested form will be entered.

At the same time that defendants prayed for judgment upon the mandate with findings of fact and conclusions of law they moved for permission to amend their original Answer, with counter-claim. Paragraph (3) (c) of the mandate permits the defendants to bring such further proceedings as may be appropriate with their prayer for relief. Permission will therefore be given them to file the pleading requested.