## HARTFORD–EMPIRE CO. v. SHAWKEE MFG. CO. et al.

### No. 5203.

Circuit Court of Appeals, Third Circuit.

Heard on Motion to Amend Mandate Dec. 8, 1944.

Decided Dec. 21, 1944.

Max Swiren, of Chicago, Ill., for plaintiff.

Walter J. Blenko, of Pittsburgh, Pa., for defendant.

Before BIGGS, MARIS, and JONES, Circuit Judges.

MARIS, Circuit Judge.

The history of this case is fully disclosed in the prior opinions of this court (68 F. 2d 726, 137 F.2d 764) and in the opinion of the Supreme Court on certiorari (322 U.S. 271, 64 S.Ct. 1014) and need not be repeated here. It is only necessary to quote the last two paragraphs of the Supreme Court's opinion (322 U.S. 271, 273, 274, 64 S.Ct. 1014, 1015), which are as follows:

"The prayer for relief of Shawkee and the others was that the court adjudge that Hartford did not come into court with clean hands, and that they be fully freed from further obligations under the judgments against them. This relief should be granted. They further prayed that a master be appointed by the Circuit Court of Appeals to render an accounting of costs incurred in these and former proceedings, moneys paid by them to Hartford pursuant to the challenged judgments, and damages sustained by them because of Hartford's unlawful use of its patent. Whether this type of relief will be granted must depend upon further proceedings in the District Court which entered the judgment of infringement.

"The judgment of the Circuit Court of Appeals is reversed. The cause is remanded to it with directions to set aside its 1934 judgment, recall the mandate, and dismiss the appeal; and issue mandate to the District Court with directions to set aside its judgment finding Hartford's patent valid and infringed, deny Hartford all relief against infringement of this patent and permit Shawkee and the others to bring such further proceedings as may be appropriate in accordance with their prayer for relief."

On June 30, 1943 this court, pursuant to our opinion filed on that date, 137 F.2d 764, had entered an order denying the defendants' petition to vacate and set aside our judgment entered January 11, 1934, which had dismissed the appeal taken by the defendants from a judgment or decree entered against them in the district court. The judgment of the Supreme Court entered on May 15, 1944, as transmitted to us by its mandate, provided:

"On consideration whereof, It is now here ordered and adjudged by this Court that the judgment of the said United States Circuit Court of Appeals in this cause be, and the same is hereby, reversed with costs; * * *

"And it is further ordered, That this cause be, and the same is hereby, remanded to the said Circuit Court of Appeals for further proceedings in conformity with the opinion of this Court."

Pursuant thereto this court on July 10, 1944, entered a judgment, which was transmitted to the District Court by mandate, as follows:

"The mandate of the Supreme Court of the United States in this cause having been received,

"On consideration whereof, it is now here ordered and adjudged as follows:

"(1) The judgment entered by this court in this cause on January 11, 1934 [68 F.2d 726] is set aside;

"(2) The mandate issued by this court to the district court in this cause on October 17, 1934 is recalled; and

"(3) The cause is remanded to the district court with directions

"(a) To set aside its judgment finding the plaintiff's patent valid and infringed,

"(b) To deny the plaintiff all relief against infringement of this patent, and

"(c) To permit the defendants to bring such further proceedings as may be appropriate in accordance with their prayer for relief."

After the receipt of our mandate the District Court, on October 23, 1944, 57 F.Supp. 636, entered the following judgment:

"This cause having come on for hearing upon the judgment to be entered in conformity with the mandate of the United States Circuit Court of Appeals issued July 10, 1944, and upon the motion of the defendants, and the matter having been fully heard and the Court having the benefit of representations and arguments of counsel, and the Court being fully advised in the premises,

"It is ordered, adjudged and decreed that:

"1. The opinion of this court filed June 27, 1933, finding that a preliminary injunction should be issued against the defendants be, and the same is hereby, withdrawn and set aside.

"2. The decree and order by this court on June 27, 1933, directing that a writ of injunction issue out of and under the seal of this court directed to the defendants be, and the same is hereby, set aside and annulled.

"3. The preliminary writ of injunction issued out of and under the seal of this court on or about June 28, 1933, directed to appellants and issued pursuant to the aforementioned order and decree made June 27, 1933, be, and the same is hereby, set aside and annulled.

"4. The order and decree of reference made by this court on October 19, 1934, and all other orders, decrees, judgments and findings entered by this court in pursuance of the mandate of the United States Circuit Court of Appeals for the Third Circuit filed October 17, 1934 and now recalled by that court pursuant to its mandate of July 10, 1944, and all writs of injunction issued by or under the seal of this court pursuant to such order and decree of reference, or such other orders, decrees, judgments or findings, be, and they are all hereby, set aside and annulled.

"5. All judgments, orders and decrees warranting or granting any relief to the plaintiff, be, and the same are hereby, set aside and annulled.

"6. All relief prayed by the plaintiff be, and the same is hereby, denied.

"7. Without impairing the reservation of jurisdiction by this court, the complaint of the plaintiff (denominated 'bill of complaint') be, and the same is hereby, dismissed.

"8. Jurisdiction be, and the same is hereby, reserved by this court to hear and determine any and all counter-claims, cross-claims or other applications for relief that may be authorized by the mandate of the United States Circuit Court of Appeals for the Third Circuit issued July 10, 1944, or which this court may entertain for the purpose of doing equity and justice in the premises."

On the same day the District Court refused to make certain findings of fact and conclusions of law requested by the defendants. The latter had asserted that these findings and conclusions were required to be made by the mandate of the Supreme Court. The District Court, 57 F.Supp. 636, held that it was governed by the mandate issued to it by our court which, it thought, did not require the findings and conclusions in question to be made at this time. The defendants thereupon applied to this court for the amendment of our mandate by adding thereto the further direction that all action directed by the mandate to be taken

should be taken in conformity with the opinion of the Supreme Court.

■ The application must be denied. In so holding we assume, without deciding, that we have power to entertain the application even though it was made after the expiration of the term at which our mandate was issued. Compare Clarke v. Boysen, 8 Cir., 1921, 273 F. 923. We think that the direction which the defendants ask to have added to our mandate is wholly superfluous since it is clearly implicit in the mandate as it now stands. The conclusions of the Supreme Court, as expressed in its opinion, constitute the law of the case which, so far as they are applicable to any further proceedings to be taken in the case, must be followed by the District Court. Moreover, we think that the mandate as it stands already contains express directions to the District Court to do everything which the Supreme Court intended that we should direct the District Court to do.

The Supreme Court found upon the evidence previously submitted to this court in the form of affidavits that the plaintiff had not come into court with clean hands. It thereupon concluded that the defendants, by way of relief, were entitled to be "fully freed from further obligations under the judgments against them." This relief has been completely granted by the judgment entered by the District Court pursuant to our mandate. The other relief sought by the defendants was for an accounting and payment to them of costs incurred in these and former proceedings, of moneys paid by them to the plaintiff pursuant to the challenged judgments, and of damages sustained by them because of the plaintiff's unlawful use of its patent. The conclusion of the Supreme Court as to this latter relief was that whether it should be granted "must depend upon further proceedings in the District Court which entered the judgment of infringement." The last paragraph of its opinion, in which its directions to us were set out, accordingly required us to direct the District Court to "permit Shawkee and the others to bring such further proceedings as may be appropriate in accordance with their prayer for relief."

Our mandate carried out this direction of the Supreme Court exactly and pursuant thereto the District Court on October 23, 1944, gave the defendants leave to amend the answer which they had previously filed.

Thereupon the defendants filed an amendment to the answer with counterclaims setting out in detail the claims to which the Supreme Court's opinion referred and praying for suitable relief. A reply thereto has been filed by the plaintiff and the issue which the Supreme Court intended that the District Court should try is thus now ready for hearing.

■ The defendants argue that this does not give them the full relief to which the Supreme Court held they were entitled. They assert that they are also presently entitled to findings of fact by the District Court with respect to the fraud which the Supreme Court, upon the affidavits which it considered, found that the plaintiff had perpetrated. We think it is clear that what the defendants really want is a mandate from us directing the District Court to make such findings at once in advance of the submission to the court of any evidence upon which the findings might be based. We are satisfied that the Supreme Court did not intend us to direct such action, and if we were to do so we would violate traditional and well recognized concepts of due process of law.

■ A finding of fact is not the goal of the judicial process nor is it the relief which a court of justice accords a litigant. On the contrary, it is merely an intermediate step in the judicial process of deciding a controversy. Its office is to distill from the evidence which has been adduced at the trial of a disputed issue the pertinent facts which must be known by the court in order to enable it to determine and apply the relevant rules of law and thereupon to grant appropriate relief to the litigants.

■ Findings of facts are not to be made in vacuo but only in connection with an issue of fact which is before the court for adjudication and after the evidence bearing upon that issue has been received and considered by the fact finder. Compare Thomas v. Peyser, 73 App.D.C. 155, 118 F.2d 369, 374; Schad v. Twentieth Century-Fox Film Corporation, 3 Cir., 1943, 136 F.2d 991, 993. For us to direct the District Court, in advance of its having heard the plaintiff's defense to the defendants' pending counterclaims, to make the fact findings which they seek would be to compel the court to prejudge crucial fact questions in the case, a procedure which is abhorrent to the concepts of fairness in-

volved in due process of law. Moreover, it might well be discovered after the hearing that the findings so made without knowledge of the issues in the solution of which they were to be employed had been framed in such a way as to be quite inappropriate to meet the fact issues actually presented to the court for determination.

We, of course, do not say that the defendants may be compelled by the plaintiff to relitigate, upon the hearing of their counterclaims, any issues of fact which were actually litigated in this court and the Supreme Court and determined against the plaintiff by the judgment of the Supreme Court. Under the doctrine of res judicata it would seem clear that the plaintiff would be estopped from again litigating any such issues. Moreover, as has already been suggested, the District Court will be required to apply to the determination of the pending counterclaim as the law of the case all relevant conclusions of law with respect to the issues involved in the counterclaims which the Supreme Court reached as appears from its opinion. But it will be time enough for the District Court to consider these questions when the counterclaims are before it for hearing. Only in the light of the issues raised by the pleadings can an intelligent application of the relevant legal rules be made.

The application for amendment of mandate is denied.

BRATTON, Circuit Judge, dissenting.