## HARTFORD–EMPIRE CO. v. SHAWKEE MFG. CO. et al.

### No. 2791.

District Court, W. D. Pennsylvania.

Aug. 30, 1945.

Walter J. Blenko, Stebbins, Blenko & Webb, and Albert C. Hirsch, all of Pittsburgh, Pa., and S. F. Parham, of Hartford, Conn., for plaintiff.

William B. Jaspert, of Pittsburgh, Pa., Swiren, Heineman & Antonow, and Max Swiren, all of Chicago, Ill., for Glenshaw Glass Co.

William B. Jaspert, of Pittsburgh, Pa., for all defendants.

GIBSON, District Judge.

This case was before the Supreme Court. See 322 U.S. 271, 273, 274, 64 S.Ct. 1014, 88 L.Ed. 1269. That court held that originally the plaintiff had come into court with unclean hands, and that it was not entitled to any judgment in its favor. The mandate required the Circuit Court of Appeals to withdraw its mandate to this court and to give defendants permission "to bring such further proceedings as may be appropriate in accordance with their prayers for relief." The prayers were for an accounting to determine costs, moneys paid by defendants to Hartford "pursuant to the chal-

lenged judgments," and damages sustained by defendants "because of Hartford's unlawful use of its patents." The Circuit Court of Appeals withdrew its mandate by which it had affirmed the judgment of this court and ordered the court to set aside its judgment in favor of plaintiff. In its mandate it further ordered this court to allow the defendants to claim, in substance, costs, moneys paid to Hartford pursuant to the judgments theretofore entered, and the damages sustained by defendants because of Hartford's unlawful use of its patents.

After the mandate of the Circuit Court of Appeals had been handed down, the defendants filed petitions wherein they requested this court to make certain findings of fact and conclusions of law which the court was of opinion were not in accordance with the mandate of the Circuit Court, and which would have required this court to find as facts matters which could be established only pursuant to testimony taken before the court or a master. The court refused to find the facts as prayed by the defendants. See Hartford-Empire v. Shawkee Mfg. Co. et al., D.C., 57 F. Supp. 636. Thereupon the defendants moved the Circuit Court of Appeals to reform its mandate so as to include the facts which this court had been asked to find. The Court of Appeals refused to change its mandate, and held, as had this court, that the findings of fact requested could be based only upon testimony. See Hartford-Empire Co. v. Shawkee Mfg. Co. et al., 3 Cir., 147 F.2d 532.

The defendants, despite this ruling, then proceeded to file affidavits which set forth as facts many of those theretofore claimed as such and refused as findings by the court. These affidavits were filed upon the theory that the matters of fact alleged were undisputed, and that defendants were entitled to the findings under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. The findings claimed are not undisputed, and cannot be proved by means of affidavits. To establish an accounting for costs, moneys paid to Hartford, and damages, punitive damages, etc., the present plaintiff (Hartford) must be given the opportunity to hear the testimony and cross-examine the witnesses.

The motions for summary judgments for defendants, based upon the affidavits filed, will be denied. The court must, and will I trust, be governed by the law as laid down by the Supreme Court in Hartford-Empire v. Shawkee Mfg. Co. et al., supra, and as to matters of fact by the testimony. This duty does not require relitigation of all matters which were pending before the Supreme Court, but does require proof of matters such as costs, expenses and damages.