## HARTFORD–EMPIRE CO. v. SHAWKEE MFG. CO. et al.

### No. 2791.

District Court, W. D. Pennsylvania.

Jan. 11, 1946

See also 4 F.R.D. 474.

Walter J. Blenko, Stebbins, Blenko & Webb, and Albert C. Hirsch, all of Pittsburgh, Pa., and S. F. Parham, of Hartford, Conn., for plaintiff.

William B. Jaspert, of Pittsburgh, Pa., Swiren, Heineman & Antonow and Max Swiren, all of Chicago, Ill., for Glenshaw Glass Co.

William B. Jaspert, of Pittsburgh, Pa., for all defendants.

GIBSON, District Judge.

The history of above entitled actions began in 1933, and is shown at some length in Shawkee Manufacturing Co. et al. v. Hartford-Empire Co., 322 U.S. 271, 64 S. Ct. 1014, 88 L.Ed. 1269; and Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U. S. 238, 64 S.Ct. 997, 88 L.Ed. 1250. After the Supreme Court had reversed the judgment of the Circuit Court of Appeals of the Third Circuit, 137 F.2d 764, and in due time the mandate of the said Circuit Court of Appeals had been received by this court, the following order was filed herein:

"Order for Judgment Upon Mandate

"This cause having come on for hearing upon the judgment to be entered in conformity with the mandate of the United States Circuit Court of Appeals issued July 10, 1944, and upon the motion of the defendants, and the matter having been fully heard and the Court having the benefit of representations and arguments of counsel, and the Court being fully advised in the premises.

"It is ordered, adjudged and decreed that:

"1. The opinion of this court filed June 27, 1933, finding that a preliminary injunction should be issued against the defendants, be, and the same is hereby, withdrawn and set aside.

"2. The decree and order made by this court on June 27, 1933, directing that a writ of injunction issue out of and under the seal of this court directed to the defendants be, and the same is hereby, set aside and annulled.

"3. The preliminary writ of injunction issued out of and under the seal of this court on or about June 28, 1933, directed to appellants and issued pursuant to the aforementioned order and decree made June 27, 1933, be, and the same is hereby, set aside and annulled.

"4. The order and decree of reference made by this court on October 19, 1934, and all other orders, decrees, judgments and findings entered by this court in pursuance of the mandate of the United States Circuit Court of Appeals for the Third Circuit filed October 17, 1934 and now recalled by that court pursuant to its mandate of July 10, 1944, and all writs of injunction issued by or under the seal of this court pursuant to such order and decree of reference, or such other orders, decrees, judgments or findings be, and they are all hereby, set aside and annulled.

"5. All judgments, orders and decrees warranting or granting any relief to the plaintiff, be, and the same are hereby, set aside and annulled.

"6. All relief prayed by the plaintiff be, and the same is hereby, denied.

"7. Without impairing the reservation of jurisdiction by this court, the complaint of the plaintiff (denominated "bill of complaint") be, and the same is hereby, dismissed.

"8. Jurisdiction be, and the same is hereby, reserved by this court to hear and determine any and all counterclaims, crossclaims or other applications for relief that may be authorized by the mandate of the United States Circuit Court of Appeals for the Third Circuit issued July 10, 1944, or which this court may entertain for the purpose of doing equity and justice in the premises.

"Dated: October 23, 1944."

The defendants, Shawkee et al., moved the Circuit Court of Appeals to amend its mandate, which motion was refused. This motion followed a motion in this court wherein findings of fact and conclusions of law were requested which were alleged to be in accordance with findings and conclusions of the Supreme Court in the cases

cited above. This court, 57 F.Supp. 636, relying upon the mandate of the Circuit Court of Appeals, refused to make the findings and conclusions requested, and adhered to the order above quoted.

Prior to the motion for findings of fact and conclusions of law, the defendants, Shawkee Manufacturing Company et al., had amended their original answers and filed as part thereof counter-claims against the Hartford-Empire Company wherein fraud of the plaintiff was recited (see cases cited supra) and each defendant claimed very heavy damages.

After a pre-trial conference on December 14, 1945, the defendants have presented an order to the court which in part is as follows:

"It is hereby ordered that:

"1. This cause is referred to a Special Master for the limited purpose of receiving evidence and reporting to this Court on the damages sustained by defendants by reason of plaintiff's fraud in filing its complaint and obtaining the preliminary and permanent injunctional decrees against defendants.

\*     \*     \*     \*     \*     \*

"3. The court expressly reserves jurisdiction to determine punitive damages, if any, to be awarded to defendants. The Special Master herein shall not inquire into the issue of whether the causes of action alleged in defendants' counter-claims or defenses raised in their amended answer are legal or equitable in nature."

This order cannot be made. Reference to a Special Master is made, with a few rare exceptions, only in cases involving accounting. It will be noted that the counter-claims of defendants are for damages, not for a mere accounting. Rule 53(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, follows:

"A reference to a master shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account, a reference shall be made only upon a showing that some exceptional condition requires it."

The trial lists of this court bid fair to be heavy in the immediate and succeeding future, and the hearing in the present matter will undoubtedly be burdensome, but that does not present an "exceptional condition" such as contemplated by Rule 53. We feel unable to avail ourselves of the relief which a reference to a master would furnish, and will therefore order the motion to be filed and formally refuse it.