BROS INCORPORATED, Appellant,

v.

BROWNING MANUFACTURING CO. and Shovel Supply Co., Inc., Appellees.

No. 17169.

United States Court of Appeals Eighth Circuit.

May 27, 1963.

**414**

Andrew E. Carlsen, Minneapolis, Minn., made argument for appellant. Douglas L. Carlsen, of Carlsen, Carlsen & Sturm, Minneapolis, Minn., on the brief.

Warley L. Parrott, Charlotte, N. C., made argument for appellees. Wilton Rankin, of Parrott & Rankin, Charlotte, N. C., on the brief.

Before SANBORN and BLACKMUN, Circuit Judges, and STEPHENSON, District Judge.

SANBORN, Circuit Judge

This is an appeal from a judgment for the plaintiffs, Texas corporations, (appellees) in an action brought by them in June, 1959, against Bros Incorporated, a Minnesota corporation, (appellant) (Bros) to secure a declaratory judgment that its United States Patent No. 2,610,-557 for a "Pneumatic Roller Compactor," issued to C. W. Bros, et al., September 16, 1952, on an application filed November 17, 1949, was invalid. In their complaint the plaintiffs alleged that they had been notified by the defendant that the pneumatic roller compactors made by the plaintiffs infringed the patent in suit. They alleged that the patent was invalid for several reasons. The one with which we are concerned is based on 35 U.S.C. § 102, which provides in part:

"A person shall be entitled to a patent unless—

\* \* \* \* \* \*

"(b) the invention was patented or described in a printed publication in this or a foreign country \* \* \* more than one year prior to the date of the application for patent in the United States \* \* \*."

The complaint alleged that in a printed pamphlet or advertising folder, entitled "50 Ton Compactor With Oscillating Wheels," which had been prepared and publicly distributed by the defendant at the "Road Show of the American Road Builders' Association held in Chicago, Illinois, from July 16, through July 24, 1948," the claimed invention was fully described and illustrated. This the defendant in its answer denied. By a counterclaim, it asserted that the plaintiffs were infringers, and asked for an injunction and an accounting. The plaintiffs joined issue on the counterclaim.

The case was tried to the District Court after it had denied a motion of the plaintiffs for a summary judgment. The trial judge filed a comprehensive Memorandum Decision and detailed Findings of Fact and Conclusions of Law. He stated that he was in full accord with the views expressed by the United States Courts of Appeals for the Fifth and Sixth Circuits in sustaining the patent as to the patentable novelty of the claimed invention. See Bros, Incorporated v. W. E. Grace Manufacturing Co., 5 Cir., 261 F.2d 428, and Gibson-Stewart Company, Inc. v. Wm. Bros Boiler and Manufacturing Company, 6 Cir., 264 F.2d 776, certiorari denied 360 U.S. 929, 79 S.Ct. 1448, 3 L.Ed.2d 1544. He determined, however, that the publica-

tion of the description of the Bros invention in the pamphlet distributed at the Chicago Road Show rendered the patent invalid.

Based upon the Findings of Fact and Conclusions of Law, the trial court entered judgment for the plaintiffs, determining:

"That each and every claim of United States Letters Patent No. 2,610,557, issued September 16, 1952, on application filed November 17, 1949, is invalid, because the alleged invention therein was described in a printed publication (Defendant's Exhibit D-4, a pamphlet entitled '50 Ton Compactor with Oscillating Wheels') which was distributed by defendant at the July 1948 'Road Show' of the American Road Builders Association at Chicago, Illinois, more than one year prior to the filing of the application for said patent on November 17, 1949."

In its Reply Brief, Bros says:

"Stated in its simplest form the sole question presented to this Court for decision is whether or not the Bros pamphlet, Defendant's Exhibit D-4, describes the invention defined by the claims of the patent in suit, so as to render the patent invalid under the provisions of 35 U.S.Code, No. 102(b)."

■ No question is raised with respect to the finding that more than one year before the patent was applied for, there had been a distribution of the Bros printed pamphlet (Defendant's Exhibit D-4), descriptive of its "compactor", at the July 1948 Road Show in Chicago. All that Bros now contends is that the description of the invention in its Road Show pamphlet was insufficient to invalidate its patent, under 35 U.S.C. § 102(b).

The Findings of the trial court relative to the pamphlet in suit read as follows:

"Exhibit D-4 is a one-piece four-page black and white pamphlet. The cover page is entitled '50 Ton Compactor with Oscillating Wheels' with a Bros insignia reading 'Bros'. At the bottom there is printed 'Wm. Bros Boiler & Mfg. Co., Minneapolis, Minnesota.' The inside pages consist of four photographs of the machine showing it attached to a tractor. The photographs are taken from various angles. One of the photographs shows the oscillating effect of the wheels as the machine moves over uneven ground. The printed material on the inside pages consists of the following:

"'FULL WIDTH COVERAGE PREVENTS HAULING EQUIPMENT FROM "BOGGING DOWN"'

"'Specifications

"'Empty shipping weight 24,000 lbs.

Maximum loaded weight, 100,000 lbs.

Main Tire Sizes (4), 18:00 x 24-24 ply

Maximum Tire Air Pressure for 100,000 lb. load, 70 lbs. per sq. in.

Minimum Tire Air Pressure for empty roller, 50 lbs. per sq. in.

Tire Size (when front dual wheel dolly used) (2), 12:00 x 20-14 ply

Body capacity, 640 cu. feet

Tongue Neck Capacity, 25 cu. ft. or 187 gal.

Maximum travel speed with 100,-000 lb. gross load, 5 mi. per hr.

Rolling width, 8' 10"

Overall body and tongue length, 26' 6"

Overall body width (less outside tires), 8 feet

Overall height on tires, 7' 9½"

"'THE NEW BROS GIANT SIZE PNEUMATIC TIRED 50 TON ROLLER

"'(Model No. 6 with Oscillating Wheels)

"'A new step towards better compaction to speed up the job. Especially designed for airport,

embankment and heavy fill work. Flexible loads starting at 24,000 pounds empty to 100,000 pounds loaded. Especially designed to prevent hauling equipment from "bogging down" and keeping wagons and scrapers on their regular jobs. Gives an 8' 10" roller coverage and easily pulled when used in combination with a LaPlant-Choate tractor Model T-300 or any large crawler tractor. Also comes equipped with dual front wheel dolly for towing behind tractors. Oscillating wheels permit proper angle coverage.

" 'Price $12,500.00 f. o. b. Minneapolis, Minn.'

"On the fourth or back page of the pamphlet are two white on black drawings of rollers. Each of the drawings shows side and top views of the machine and on one drawing the machine has a 'two-wheel dolly' attached to it and on the other a 'LaPlant-Choate Tractor' is attached.

"The published pamphlet, defendant's Exhibit D-4, taught to the industry the essential elements and features of the patent in suit and the impelling weight of the evidence amply supports the finding, and the Court does find, that the essence of the invention, that is, the inventive concept which is the basis for the claims of this patent, was fully disclosed in this pamphlet and enabled one skilled in the art to build and produce the roller compactor described in this patent."

The trial court based its judgment for the plaintiffs upon 35 U.S.C. § 102(b) because there was competent evidence which convinced the court that the invention disclosed by the patent was described in the pamphlet with sufficient particularity to enable one skilled in the art of constructing such machinery to reproduce the invention without having to resort to the patent.

This same question as to the sufficiency, under this same statute, of the description of an invention in a foreign publication ante-dating by more than one year the application for a patent, was raised and decided adversely to the owner of the patent in Collins v. Owen, D.C.N.D.Iowa, 199 F.Supp. 61, affirmed, 8 Cir., 310 F.2d 884 (1962).

If, in the instant case, there was a substantial evidentiary basis for the trial court's determination that the description of the invention in the defendant's Road Show pamphlet was, alone, sufficient to enable one skilled in the art to produce the invention, the judgment must be affirmed. Collins v. Owen, supra, page 887 of 310 F.2d. We said in that case:

"The test for determining the adequacy of the description of an invention in a foreign publication is, as the trial court recognized, that 'the knowledge "derived from the publication must be sufficient to enable those skilled in the art or science to understand the nature and operation of the invention, and to carry it into practical use," * * *.' "

See, also, Midland Flour Milling Co. v. Bobbitt, 8 Cir., 70 F.2d 416, 418. The same test is, of course, applicable to the description of an invention in a domestic publication.

Bros contends that in the Collins case the issues were not the same as in the instant case and that the Collins case arose out of a different situation. We perceive no controlling distinction. In each case the key issue was the adequacy of the published description of the invention. In this case, as in Collins, the issue was, under the evidence, clearly one of fact to be determined by the trial court, and is not a question of law for this Court to decide.

■ It is argued on behalf of Bros that the trial court misinterpreted § 102 (b), which, it is contended, when read in connection with § 103,[1] makes any

---

1. § 103, Title 35 U.S.C.:
"A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented

description of an invention in a printed publication inadequate to invalidate a patent unless the invention is "identically disclosed or described."

The legislative history of the 1952 revision of the Patent laws (Title 35 U.S.C., 1946 Ed.) refutes the contention that § 103 was intended to modify or affect in any way § 102(b). The "Revision Notes", attached to and made a part of the Reports of the Judiciary Committees of Congress, relating to the revision, appear on pages 2403–2428, Vol. 2, U. S. Code Congressional and Administrative News, 82nd Congress, Second Session, 1952. The Report of the Judiciary Committee of the Senate, with the "Revision Notes" attached, appears on pages 2394–2428. The notes on pages 2410–2411 read as follows:

"Section 102—Section Revised

"Paragraphs (a), (b) and (c) are based on 35 U.S.C., 1946 ed., § 31 * * *.

"No change is made in these paragraphs other than that due to division into lettered paragraphs. * *
* * * * * *
"Section 103—New Section

"There is no provision corresponding to the first sentence explicitly stated in the present statutes, but the refusal of patents by the Patent Office, and the holding of patents invalid by the courts, on the ground of lack of invention or lack of patentable novelty has been followed since at least as early as 1850. This paragraph is added with the view that an explicit statement in the statute may have some stabilizing effect, and also to serve as a basis for the addition at a later time of some criteria which may be worked out.

"The second sentence states that patentability as to this requirement is not to be negatived by the manner

in which the invention was made, that is, it is immaterial whether it resulted from long toil and experimentation or from a flash of genius."

As this Court, not infrequently in the past, has said:

"* * * [T]he plain, obvious and rational meaning of a statute is always to be preferred to any curious, narrow, hidden sense that nothing but the exigency of a hard case and the ingenuity and study of an acute and powerful intellect would discover."

Lynch v. Alworth-Stephens Co., 8 Cir., 294 F. 190, 194, and cases cited.

The suggestion that the trial court failed to give appropriate weight to the refusal of the courts of the Fifth and Sixth Circuits to re-open the cases sustaining the validity of the patent, so as to enable the defendants in those cases to inject the issue of invalidity because of the Road Show pamplet, is without merit. The plaintiffs here were not parties to those cases. The motions to reopen were made after judgment, and were addressed to the discretion of the courts which had decided the cases. The plaintiffs were free to bring this action in the District of Minnesota, and the trial court had the duty and responsibility of deciding for itself the issues presented.

■ The decision of the District Court, based as it is upon an issue of fact, is conclusive upon us. "This Court, upon review, will not retry issues of fact or substitute its judgment with respect to such issues for that of the trial court." Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416, 417, 150 A.L.R. 1056, certiorari denied 321 U.S. 781, 64 S.Ct. 638, 88 L.Ed. 1074.

Unfortunately, the appellant and the appellees did not cooperate in the preparation of a short and concise printed record on appeal. The appellees con-

and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in

the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

sidered the appellant's printed record inadequate and filed a printed supplement. They ask that its cost be taxed against the appellant, which they assert had refused to cooperate. This the appellant denies. We shall not attempt to resolve this controversy. The appellees' request is denied.

The judgment appealed from is affirmed.