335 F.2d 331
 Harry P. LOCKLIN and Elmer J. Brant, general partners doing business under the firm name of Radiant Color Company, Counter-Plaintiffs-Appellants,
v.
SWITZER BROTHERS, INC., Robert C. Switzer and Joseph L. Switzer, Counter-Defendants-Appellees.
Harry P. LOCKLIN and Elmer J. Brant, general partners doing business under the firm name of Radiant Color Company, Plaintiffs-Appellants,
v.
SWITZER BROTHERS, INC., Defendant-Appellee.
 Nos. 14383-84.
 United States Court of Appeals Seventh Circuit.
 July 24, 1964.
 
 Carl Hoppe, San Francisco, Cal., and W. J. Marshall, Jr., Chicago, Ill., for appellants.
 Benjamin H. Sherman, Anthony R. Chiara, Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for appellees.
 Before SCHNACKENBERG, KILEY and MAJOR, Circuit Judges.
 KILEY, Circuit Judge.
 
 
 1
 The question in these appeals is whether the denial of post-trial motions in the California courts of the Ninth Circuit[1] for a new trial and to set aside judgment, and affirmance of denials on appeal, are res judicata of these later independent equitable actions in this circuit which attempt in effect to set aside the California judgment on "substantially most" of the same grounds raised on the motions in the California courts.
 
 
 2
 We think the District Court for the Northern District of Illinois did not err in deciding that the California judgments are res judicata of the issues raised by Radiant in its complaint in civil action No. 62-C-1795[2] and its proffered supplemental counterclaim in civil action No. 52-C-1198.[3]
 
 
 3
 The motion in 52-C-1198 was intended to supplement Radiant's counterclaim as intervenor in Switzer Bros., Inc. v. Locklin, filed in the United States District Court for the Northern District of Illinois in June, 1952. Radiant there succeeded in its counterclaim charging antitrust violation with respect to daylight fluorescent patents of Switzer not involved here. This court affirmed, 297 F.2d 39 (7th Cir. 1961), and the Supreme Court denied certiorari to both parties. 369 U.S. 851, 82 S.Ct. 934, 8 L.Ed.2d 9 (1962).
 
 
 4
 While Switzer Bros., Inc. v. Locklin was pending in this circuit, Radiant sued Switzer in the United States District Court for the Northern District of California for a declaration that Kazenas patent No. 2,809,954, issued October 15, 1957, was invalid and not infringed. Switzer, assignee of that patent, counterclaimed for infringement. The California district court filed a memorandum, finding the Kazenas patent valid and infringed. 125 U.S.P.Q. 515 (N.D.Cal. 1959). Radiant moved, supported by affidavits, to dismiss Switzer's counterclaim on grounds of unclean hands, but the court entered judgment in conformity with its memorandum, restraining Radiant from infringing Switzer's patent.
 
 
 5
 Radiant then filed a motion for a new trial, based on newly discovered evidence and alleged fraud of Switzer in obtaining the patent and judgment. The grounds for new trial centered around "newly discovered evidence," i. e., "the present physical condition of Exhibit N," and the deposition of Kazenas taken in another action. The motion was denied after hearing, and Radiant appealed.
 
 
 6
 Radiant's motion in the Ninth Circuit Court of Appeals to remand the cause to the district court with directions to try the issue of unclean hands on the merits was denied without prejudice to renew it on oral argument. Radiant subsequently moved in the district court for relief from judgment under Rule 60(b), Fed.R.Civ.P., on grounds of newly discovered evidence, i. e., Anas patent No. 2,852,480, which, it claimed, would invalidate the Kazenas patent. The motion was denied after hearing. The Ninth Circuit affirmed the judgment in the main action, 299 F.2d 160 (9th Cir. 1961), and upheld the trial court's denials of the several motions to re-open the case. Certiorari was denied by the United States Supreme Court. 369 U.S. 861, 82 S.Ct. 950, 8 L.Ed.2d 18 (1962).
 
 
 7
 Radiant then came to the Northern District of Illinois and filed the two proceedings before us.[4] Radiant admits that both are based on the same factual allegations. Both seek damages, and pray that Switzer be enjoined from representing Kazenas patent No. 2,809,954 as valid and infringed and from enforcing the California judgment. The allegations are of fraud upon the Patent Office and upon the California courts, and that Switzer has used the "tainted" judgment of the California courts to further its monopoly in violation of the anti-trust laws.
 
 
 8
 Radiant conceded, in the California district court, that it could not show diligence in its motion for a new trial but could show an excuse for lack of diligence. The court saw no aspect of "fraud or chicanery" on the patent application by Switzer; thought that on the issue of the alleged counterfeit exhibit a new trial would merely result in parties seeking to present "some additional experts to expound their views" and "we would be back where we were;" and said, in response to Radiant's request for an opportunity to prove fraud, on the court and the Patent Office, "you had an opportunity to do that * * * at the trial." And the court, in passing on the 60(b) motion observed that "The invention disclosed in the Anas patent is sufficiently similar to the invention claimed * * * to warrant the prima facie conclusion that the Anas patent would be anticipatory if it were entitled to priority," but found, from the uncontroverted affidavit filed by Switzer,[5] that the invention claimed in the Kazenas patent was reduced to practice prior to the invention claimed in the Anas patent, and concluded that, therefore, "it does not appear that the evidence which might be adduced upon a new trial would alter the decision heretofore made."
 
 
 9
 The Ninth Circuit Court of Appeals affirmed: the district court did not abuse its discretion "bearing in mind both lack of diligence and the showing made with respect to fraud and the public welfare" in denying "a new trial upon the ground of unclean hands or to refuse to delay judgment in order that hearing might be had on the newly tendered issues." 299 F.2d at 170. These are the issues which Radiant claims were not passed on in the California courts. There is no merit in the claim.
 
 
 10
 There is no merit either in Radiant's contention that neither California court passed on the truth of the grounds urged for a new trial. Once the California district court decided there were no grounds shown for granting a new trial, there was no need for it to go further and decide upon the merits of the grounds urged. Since the Ninth Circuit Court of Appeals decided the district court did not abuse its discretion, that ended the matter. Heiser v. Woodruff, 327 U.S. 726, 736, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1945).
 
 
 11
 We think Rule 60(b),[6] under the circumstances before us, provides for alternative, and not cumulative, methods of relief, and we do not think the rule should be construed to preclude as Radiant argues, the bar of res judicata. Heiser v. Woodruff, 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1945).
 
 
 12
 The Heiser case is close to the situation before us. There the Supreme Court reversed a judgment of the Tenth Circuit and held that a previous adjudication, that the judgment against a bankrupt was not procured by fraud, may not be disregarded, even though in the previous litigation the allegations of fraud were not supported by tender of evidence or other proof. 327 U.S. at 736, 66 S.Ct. 853.
 
 
 13
 Neither Hazel-Atlas Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), nor Shawkee Mfg. Co. v. Hartford-Empire Co., 322 U.S. 271, 64 S.Ct. 1014, 88 L.Ed. 1269 (1944), has relevance to the situation before us. The question of res judicata was not at issue in either case, and the uncontradicted facts of fraud differentiate both cases from that before us. And we do not think that footnote 5[7] of the Hazel-Atlas opinion compels our decision that in the circumstances of this case the California court was required to hear evidence in order to render res judicata denial of the motions.
 
 
 14
 We need not — because Rule 60(b), as adopted in 1938, was patterned after a California rule — construe, as California courts have done,[8] a denial of post-trial motions as not res judicata of a later independent action to set aside judgment on the same grounds. Although California decisions may guide us as to the scope of relief under Rule 60(b), Fiske v. Buder, 125 F.2d 841 (8th Cir. 1942), 7 Moore, Federal Practice, §§ 60.10 [5][9] (2d ed. 1955), we are compelled by Heiser v. Woodruff, 327 U.S. 726, 66 S.Ct. 853 (1945), not to extend the California construction of the rule to the question of whether a ruling on a motion is res judicata of a later independent equitable action.
 
 
 15
 The independent equitable action may be maintained in any court exercising equitable jurisdiction,[9] Bros, Inc. v. W. E. Grace Mfg. Co., 320 F.2d 594, 607 (5th Cir. 1963), and "may or may not be begun in the court which rendered the judgment." Notes of Advisory Committee on Rules, Rule 60(b), Fed.R. Civ.P., 28 U.S.C. at p. 123 (1960). However, a "foreign" federal court will not set aside a judgment, in an independent equitable action, unless the judgment would be set aside on those same grounds by the "home" federal court. Bros, Inc. v. W. E. Grace Mfg. Co., 320 F.2d 594, 607 (5th Cir. 1963). And here the California district court has already decided not to set aside the judgment on "substantially most" of the same issues as raised here.[10]
 
 
 16
 The ruling by the California district court was within the court's discretion and the court gave these reasons for exercising its discretionary ruling: accepting as true the charges with respect to the Patent Office, no "aspect of fraud" was shown, and no excuse for lack of diligence; and with respect to fraud on the court, the substance of the "newly discovered evidence" could have been discovered and used at the trial. Radiant, making no further showing in the actions before us, failed to meet the substantive requirements which it must meet to seek relief from judgment. Failed for the same reason that the court said movant did in Philippine National Bank v. Kennedy, 295 F.2d 544, 545 (D.C.Cir.1961): "the judge who tried the case, and who was fully familiar with the evidence formerly offered, decided that plaintiff-appellant was not entitled to relief," 295 F.2d at 545.
 
 
 17
 Bros, Inc. v. W. E. Grace Mfg. Co., 320 F.2d 594 (5th Cir. 1963), can be distinguished from the present case because in Bros there was "a sufficient probable showing of circumstances which, if finally sustained after proof and hearing, would justify some character of equitable relief." 320 F.2d at 607. In Bros, the Sixth Circuit's judgment, upholding the validity of the patent, Gibson-Stewart Co. v. Wm. Bros Boiler & Mfg. Co., 264 F.2d 776 (6th Cir. 1959), cert. denied, 360 U.S. 929, 79 S.Ct. 1448, 3 L.Ed.2d 1544 (1959), was attacked first in the Sixth Circuit on grounds of alleged prior public use, "most important" that an advertising folder describing the invention was distributed more than one year prior to the filing of the patent application. Patentee's officer most familiar with the invention, in an affidavit opposing the motion, denied that the brochure was prepared and distributed at the date specified. However, in a subsequent suit involving the validity of the same patent in the District of Minnesota, he testified that he did not know when the brochure was published, and the court found the patent "invalid because it was described in a printed publication * * * more than one year prior" to the application. Browning Mfg. Co. v. Bros, Inc., 134 U.S.P.Q. 231 (D.Minn.1962). This was affirmed on appeal, 317 F.2d 413 (8th Cir. 1963), and certiorari denied, 375 U. S. 825, 84 S.Ct. 67, 11 L.Ed.2d 58 (1963). The Fifth Circuit was then faced with the question whether, in view of these changed circumstances after the time of the Sixth Circuit's denial of the 60(b) motion, it should enforce the Sixth Circuit's judgment on grounds of res judicata, without looking into the question of prior use itself. We have no showing of changed circumstances here after the Ninth Circuit's judgment.
 
 
 18
 Radiant presented its charges three times before the California district court (the settlement of findings, motions for new trial and to vacate judgment) and again before the Ninth Circuit Court of Appeals. It was denied relief, on the same grounds it presents here.
 
 
 19
 We conclude that the district court did not err in deciding that the judgment of the California district court, affirmed by the Ninth Circuit, is res judicata of the issues presented in these suits.
 
 
 20
 For the reasons given, the judgments are affirmed.
 
 
 
 Notes:
 
 
 [1]
 Locklin v. Switzer Bros., Inc., 299 F.2d 160 (9th Cir. 1961), cert. denied, 369 U. S. 861, 82 S.Ct. 950, 8 L.Ed.2d 18 (1962), affirming, 125 U.S.P.Q. 515 (N. D.Cal.1959)
 
 
 [2]
 The subject of appeal in No. 14384
 
 
 [3]
 The subject of appeal in No. 14383. Since the identical issues are presented in both appeals, we will decide No. 14383 on the merits and not consider Switzer's argument that it be dismissed as an attempted appeal from a non-appealable order, or consider whether it was properly brought in the first instance. See note 4, infra
 
 
 [4]
 We do not pass on the propriety of Radiant seeking to file a supplemental counterclaim in No. 52-C-1198 in the district court without seeking leave of this court, although the original judgment had been affirmed by this court and the mandate issued. See Geuder, Paeshke & Frey Co. v. Clark, 288 F.2d 1, 85 A.L.R.2d 766 (7th Cir. 1961), cert. denied, 368 U.S. 826, 82 S.Ct. 47, 7 L.Ed.2d 30 (1911)
 
 
 [5]
 This uncontroverted affidavit is now alleged to be false. But no claim was made to the California courts that the affidavit was false
 
 
 [6]
 Rule 60(b) provides that a court may set aside a judgment "upon such terms as are just" for "newly discovered evidence" or "fraud * * *, misrepresentation, or other misconduct of an adverse party" so long as the motion was within one year after entry of judgment. The rule further provides: "This rule does not limit the power of a court to entertain an independent action to relieve a party from judgment * * *."
 
 
 [7]
 "5 We do not hold, and would not hold, that the material questions of fact raised by the charges of fraud against Hartford could, if in dispute, be finally determined on ex parte affidavits without examination and cross-examination of witnesses. * * *" 322 U.S. at 249, 64 S.Ct. at 1003
 
 
 [8]
 See Jeffords v. Young, 98 Cal.App. 400, 277 P. 163 (1929), Estidillo v. Security Loan & Trust Co., 149 Cal. 556, 87 P. 19 (1906)
 
 
 [9]
 However, the Ninth Circuit recently found no authority to entertain an independent equitable action and refused to entertain a suit which in effect would dissolve an injunction issued by the district court for the District of Minnesota in Lapin v. Shulton, Inc., 333 F.2d 169 (9th Cir., decided May 27, 1964), saying:
 "We do hold that considerations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction of such an action and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there."
 
 
 [10]
 Although "fraud may be urged as a basis for relief by independent action insofar, as established doctrine permits," Notes of Advisory Committee on Rules, Rule 60(b), Fed.R.Civ.P., 28 U.S.C. at p. 124 (1960), the rule, as a substitute for the classic bill in the nature of a bill of review, cannot be used to gain relief in equity where the motion for a new trial has been already adjudged insufficient, Heiser v. Woodruff, 327 U.S. 726, 736, 66 S.Ct. 853, 857 (1945), 3 FREEMAN, JUDGMENTS, § 1199 at p. 2491 (1925), any more than its predecessor bills in equity could. Folsom v. Ballard, 70 F. 12, 14 (8th Cir. 1895), Hendrickson v. Bradley, 85 F. 508, 515-516 (8th Cir. 1898)