## BARUCH v. BEECH AIRCRAFT CORPORATION.

### No. 3765.

United States Court of Appeals
Tenth Circuit.

Jan. 31, 1949.

Paul R. Kitch, of Wichita, Kan. (Howard T. Fleeson, Hommer V. Gooing, and Wayne Coulson, all of Wichita, Kan., on the brief), for appellant.

W. Eugene Stanley, of Wichita, Kan. (Claude I. Depew, Lawrence Weigand, William C. Hook, and Lawrence E. Curfman, all of Wichita, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

We are petitioned to remand this appeal to allow the trial court to entertain a motion for a new trial under Rule 60, Federal Rules of Civil Procedure, 28 U.S.C.A. based upon newly discovered evidence in the nature of testimony of two witnesses, who, in a subsequent proceedings, are said to have given materially different, if not contradictory, testimony on a decisive issue in this suit. It is said that the difference in the testimony of the two witnesses is such as to warrant a new trial.

The appeal has been perfected, the record filed, and we should not remand it, without decision on the merits, unless we can say that the variance or irregularity in the testimony is such as to make it reasonably apparent that, with the facts before it, the trial court would be disposed to grant a new trial.

It also seems to be the general rule that in the absence of unusual or extraordinary circumstances, the trial court will not grant a new trial on newly discovered evidence, which is intended to or has the effect of discrediting or impeaching the testimony of the movant's witnesses in the

original trial. See Marshall's U. S. Auto Supply, Inc., v. Cashman, 10 Cir., 111 F.2d 140; Arkansas-Missouri Power Corp. v. City of Rector, 8 Cir., 164 F.2d 938; Ratliffe v. Wesley Hospital and Nurses' Training School, 135 Kan. 306, 10 P.2d 859; American Juris. on New Trial, Sec. 167-8-9. The cases are not agreed upon what constitutes an unusual or extraordinary circumstance, but the manifest purpose of the rule is to discourage new trials based upon afterthoughts, while at the same time preserving the power of the court to correct gross injustice, or rectify a fraud. Annotations 74 A.L.R. 757 and 33 A.L.R. 550.

From the record before us, it appears that the appellant, Belle W. Baruch, purchased an airplane from the Beech Aircraft Corporation of Wichita, Kansas, and sent her pilot and mechanic to Wichita to accept delivery. The plane was delivered, but crashed soon after the take-off, killing the pilot, the mechanic and a passenger, and wrecking the plane. Baruch brought this suit against the manufacturer for negligently permitting the pilot to attempt to take the plane off while in an intoxicated condition. Upon a trial of the case, the court found that Beech Aircraft was negligent through its agents in permitting the pilot to attempt to fly the plane, but that the pilot and mechanic were guilty of contributory negligence. Whereupon, Baruch invoked the doctrine of last clear chance, contending that the pilot's state of intoxication rendered him incapable of apprehending the consequences of his act, or exercising any judgment; that Beech Aircraft's agents, knowing of his condition, were under a duty to restrain him from attempting to fly the plane.

Recognizing the last clear chance doctrine as applied to drunken persons, see Morlan v. Hyatt, 116 Kan. 86, 225 P. 739; Bennett Drug Stores v. Mosely, 67 Ga.App. 347, 20 S.E.2d 208, the trial court found from the evidence that although the pilot was under the influence of liquor, his intoxication was not such "as to render him helpless or wholly unable to take care of and protect himself". This finding was based primarily upon the testimony of two of Beech Aircraft's employees, DeSpain and Hill, who accompanied the pilot and mechanic to the airport; were with him when he took the plane off the factory runway, and who testified to the amount of liquor that the pilot had consumed and to the state of his intoxication.

The burden of appellant's contention is that being hostile witnesses, DeSpain and Hill were reluctant to state fully the extent of the pilot's intoxication; that the import of their testimony was to the effect that while he had drunk considerable quantities of liquor, he appeared to be in a jovial mood, and that although he staggered, he was doing so to scare passenger Myers, but that his condition was not such as to render him helpless.

It is contended that the tenor of this testimony is entirely different from the evidence given by these same two witnesses in a proceeding in the Federal Court in South Carolina, where they testified that the pilot was drunk, staggering, drooling at the mouth, and that they begged him not to attempt to take the plane off, but to return to the DeSpain home and wait another day.

An examination of the testimony given in the trial of this case and subsequent proceedings would justify one in concluding that the pilot was drunker in the latter proceedings than in the former, but the difference in the substance of the testimony of the two witnesses on the critical point is readily explained in the form of the questions propounded to the witnesses in the respective hearings. At each trial, the two witnesses testified that the pilot took three large drinks of whiskey at the DeSpain home before they went to the airport; that he continued to drink after arriving there; that he staggered; his face was flushed, and that they attempted to persuade him not to take the plane off. In both instances, each of the witnesses testified that after the pilot started the motors of the plane, he taxied it out to the runway, and warmed up the engines normally.

When the testimony of both witnesses is considered in the light of the questions propounded, and the answers given, we are unable to say that it was intentionally, or for that matter materially, different. In any event, we cannot say that

the discrepancy is such as to affect the integrity of the judgment. The motion to remand is therefore denied.