Edward Lewis SCHEMPP, Sidney Gerber Schempp, Individually and as Parents and Natural Guardians of Ellory Frank Schempp, Roger Wade Schempp and Donna Kay Schempp

v.

SCHOOL DISTRICT OF ABINGTON TOWNSHIP, PENNSYLVANIA, c/o James F. Koehler, O. H. English, Eugene Stull and M. Edward Northam.

Civ. A. No. 24119.

United States District Court
E. D. Pennsylvania.

Sept. 16, 1959.

Henry W. Sawyer, III, Philadelphia, Pa., Wayland H. Elsbree, Philadelphia, Pa., for plaintiffs.

C. Brewster Rhoads, Philip H. Ward, III, Sidney L. Wickenhaver, Philadelphia, Pa., Percival R. Rieder, Abington, Pa., for defendants.

Lois G. Forer, Philadelphia, Pa., amicus curiæ.

Leo Pfeffer, New York City, Maximillian J. Klinger, Theodore R. Mann, Philadelphia, Pa., for American Jewish Congress, amici curiæ.

Lewis F. Adler, Harrisburg, Pa., for Pennsylvania State Education Ass'n, amicus curiæ.

Anne X. Alpern, Atty. Gen. of Commonwealth of Pennsylvania, by John Killian, III, Deputy Atty. Gen., for the Commonwealth of Pennsylvania.

Before BIGGS, Circuit Judge, and KIRKPATRICK and KRAFT, District Judges.

BIGGS, Circuit Judge.

On September 16, 1959, this court filed an opinion in this case with findings of fact and conclusions of law, 177 F.Supp. 398, adjudging Section 1516 of the Pennsylvania Public School Code of 1949, as amended, 24 P.S.Pa. § 15–1516, to be unconstitutional for the reasons stated, and on September 17, 1959, entered a final decree enjoining the defendants perpetually "from reading or causing to be read, or permitting anyone subject to their control and direction to read, to students in the public schools of Abington Township, Montgomery County, Pennsylvania, any work or book known as The Holy Bible, as directed by Section 1516 of the Pennsylvania Public School Code of March 10, 1949, P.L. 30, as amended, or as part of any ceremony, observance, exercise or school routine; provided, that nothing herein shall be construed as interfering with or pro-

hibiting the use of any books or works as source or reference material." On September 21, 1959, the injunction was stayed pending an appeal to the Supreme Court. On November 12, 1959, the defendants filed a notice of appeal with the Supreme Court and the Clerk of this court on December 9, 1959, transmitted to the Clerk of the Supreme Court a certified copy of the record in this case, less certain original papers. On December 16, 1959, this court ordered its Clerk to transmit the original papers referred to to the Supreme Court as part of the record. On December 19, 1959, the Governor of the Commonwealth of Pennsylvania signed into law Act No. 700 of the Laws of the General Assembly of Pennsylvania passed at the session of 1959 (effective date December 17, 1959) which provides as follows:

"Amending the act of March 10, 1949 (P.L. 30) entitled 'An act relating to the public school system including certain provisions applicable as well to private and parochial schools; amending, revising, consolidating and changing the laws relating thereto,' changing the provisions relating to the reading of the Bible in public schools.

"The General Assembly of the Commonwealth of Pennsylvania hereby enacts as follows:

"Section 1. Section 1516 act of March 10, 1949 (P.L. 30), known as the 'Public School Code of 1949', amended May 9, 1949 (P.L.939), is amended to read:

"Section 1516. Bible Reading in Public Schools.

"At least ten verses from the Holy Bible shall be read without comment, at the opening of each public school on each school day. Any child shall be excused from such Bible reading, or attending such Bible reading, upon the written request of his parent or guardian."

On December 23, 1959, this court extended the time for the defendants to file the record and jurisdictional state-

ment and for the docketing of the appeal to and including the sixtieth day after final action taken by this court on the defendants' motion for relief from judgment and final decree under Rule 60(b), 28 U.S.C. See 28 U.S.C. § 1253.

Also on December 23, 1959, the defendants moved for relief from the judgment and final decree of this court of September 17, 1959, pursuant to Rule 60(b), Fed.R.Civ.Proc., 28 U.S.C., asserting in substance that the quoted amendment to the Public School Code has caused the issue in this case to become moot.

On January 4, 1960, the Clerk of this court transmitted certain original papers, hereinbefore referred to as omitted from the record, to the Clerk of the Supreme Court and the complete record in this case was before the Supreme Court.

On March 16, 1960, the plaintiffs filed a request for further findings of fact and conclusions of law relating to the alleged unconstitutionality of Section 1516 of the Pennsylvania Public School Code, as amended. These, if made, would constitute a ruling by this court that the Act as amended is unconstitutional.

On March 18, 1960, a hearing was had upon the defendants' motion for relief of judgment and thereafter it was decided by this court that the issue of whether this court had jurisdiction to proceed in this case, in view of the notice of appeal and certification of the record to the Supreme Court, should be determined immediately. The parties were requested to brief this issue and hearing was had thereon on May 27, 1960. We direct ourselves to that issue.

 The able counsel for the parties have been unable to refer us to any decisions of the Supreme Court or of any other court directly in point and independent research has failed to disclose any. We have considered the technique suggested in Smith v. Pollin, 1952, 90 U.S.App.D.C. 178, 194 F.2d 349, and the opinions in such cases as Miller v. United States, 7 Cir., 1940, 114 F.2d 267, Baruch v. Beech Aircraft Corp., 10 Cir., 1949, 172 F.2d 445, Hunter Douglas

Corp. v. Lando Products, 9 Cir., 1956, 235 F.2d 631, and Freedman v. Overseas Scientific Corp., D.C.S.D.N.Y.1957, 150 F.Supp. 394. It appears from an examination of these authorities and such analogies as can be drawn therefrom that the issue of our jurisdiction to proceed to adjudicate the questions presented by the motion based on Rule 60(b) lies in a grey zone and requires a determination of Rules of the Supreme Court, including Rule 13 and Rules 10 and 11, 28 U.S.C.A. We decide the issue against the movants. Rule 10 provides that "An appeal * * * shall be taken by filing a notice of appeal, in the form and place prescribed by this rule." Hence, an appeal was taken here. This view is buttressed by the language of Rule 11 which is headed "Appeal—time for taking", and states that the time for "taking" the appeal shall be that provided for filing the notice of appeal. Obviously, when a notice of appeal has been filed within the time prescribed an appeal has been taken. When an appeal has been taken to a higher court, as prescribed by law, ordinarily the jurisdiction of the lower court is ousted by that of the higher tribunal.

Subparagraph 1 of Rule 13 does not require a different conclusion. It provides that it shall be the duty of the appellant to docket the case and to file the record within a specified time but also that for good cause shown a Justice of the Supreme Court or a Judge of a lower court may extend the time in which the notice of appeal may be filed. This rule gives jurisdiction to Justices of the Supreme Court and to Judges of the lower courts to grant extensions but it is clear that the Justices of the Supreme Court have the power to entertain such an application and therefore jurisdiction of the case is in the Supreme Court. Subparagraph 2 of Rule 13 merely provides for certain formal steps to be taken by the appellant to perfect the appeal and is not helpful in determining the issue before us.

 Upon consideration of all of the foregoing we are of the opinion that this

**384**

court does not have the jurisdiction, i. e. the power, to entertain or adjudicate the motion made by the defendants pursuant to Rule 60(b).

The motion therefore will be denied for want of jurisdiction.