Edward Lewis SCHEMPP, Sidney Gerber Schempp, individually and as parents and natural guardians of Ellory Frank Schempp, Roger Wade Schempp and Donna Kay Schempp

v.

SCHOOL DISTRICT OF ABINGTON TOWNSHIP, PENNSYLVANIA, James F. Koehler, O. H. English, Eugene Stull and M. Edward Northam.

Civ. A. No. 24119.

United States District Court
E. D. Pennsylvania.

June 22, 1961.

Henry W. Sawyer, III, of Drinker, Biddle & Reath, Wayland H. Elsbree, of White & Williams, Philadelphia, Pa., for plaintiffs.

C. Brewster Rhoads, Philip H. Ward, III, of Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., Percival R. Rieder, Abington, Pa., for defendants.

Theodore Mann, Philadelphia, Pa., for American Jewish Congress, amicus curiae.

Anne X. Alpern, Atty. Gen., by John D. Killian, III, Asst. Atty. Gen., for the Commonwealth of Pa.

Before BIGGS, Circuit Judge, KIRKPATRICK, Senior District Judge, and KRAFT, District Judge.

PER CURIAM.

On September 17, 1959 we entered a judgment declaring unconstitutional Section 1516 of the Pennsylvania Public School Code of March 10, 1949 as amended, 24 P.S. § 15–1516. See D.C.1959, 177 F.Supp. 398. On November 12, 1959 the defendants appealed to the Supreme Court of the United States. On December 23, 1959 they filed a motion in this court pursuant to Rule 60(b), Fed.R.Civ. Proc., 28 U.S.C., for relief from the judgment entered following our opinion in this case. The motion was based on the fact that Act No. 700 of the Laws of the General Assembly of Pennsylvania, passed at the Session of 1959 (effective December 17, 1959), and approved by the Governor of the Commonwealth of Pennsylvania on December 17, 1959, amended the Act of March 10, 1949 (P.L. 30), relating to Bible reading in the public schools of Pennsylvania. The motion was denied by this court on June 9, 1960 for want of jurisdiction. D.C., 184 F. Supp. 381.

On October 24, 1960 the Supreme Court handed down a per curiam opinion and order, 364 U.S. 298, 81 S.Ct. 268, 5 L.Ed.2d 89, vacating our judgment and remanding the case for such further proceedings as might be appropriate in the light of Act No. 700.

On January 4, 1961 a motion was filed by the plaintiffs for leave to file a supplemental pleading under Rule 15(d), Fed. R.Civ.Proc., 28 U.S.C., to amend the complaint by striking from the caption the words "Ellory Frank Schempp", and by deleting paragraphs 8 and 12, and by adding to paragraph 11 the words "as further amended by the Act of December 17, 1959, [Act No.] 700," and by deleting the text of the statute from paragraph 11 and substituting the following, "At least ten verses from the Holy Bible shall be read, without comment, at the opening of each public school on each school day. Any child shall be excused from such Bible reading, or attending such Bible reading, upon the written request of his parent or guardian."

The defendants object to the filing of the proposed supplemental pleading on the ground that to allow it would be an abuse of our discretion. We conclude that a useful purpose would be served by permitting it to be filed, and that *prima facie* it states a cause of action cognizable by a three-judge court. Accordingly we will grant the plaintiffs' motion but in so ruling we desire to make it clear that we decide no more than that which we have stated.