**PHILIPPINE NATIONAL BANK,**
Appellant,

v.

**Robert F. KENNEDY** Attorney General
of the United States, et al.,
Appellees.

No. 16150.

United States Court of Appeals
District of Columbia Circuit.

Argued May 22, 1961.

Decided Oct. 19, 1961.

Mr. Matthew E. McCarthy, Washington, D. C., for appellant.

Mr. Irving Jaffe, Atty., Dept. of Justice, Washington, D. C., for appellees.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

PER CURIAM.

This is a sequel to our decision in Bank of the Philippine Islands v. Rogers, 1959, 108 U.S.App.D.C. 179, 281 F.2d 12, certiorari denied, 1960, 364 U.S. 927, 81 S. Ct. 352, 5 L.Ed.2d 266. Since the basic facts are set forth in that opinion, we need not repeat them. Suffice it to say here that two claimant banks brought separate actions under Section 9(a) of the Trading with the Enemy Act [1] to recover certain Philippine currency vested in 1947 by the Philippine Alien Property Administrator of the United States. After trial, the District Court denied relief.

Subsequent to our action affirming the judgment of the District Court, Philippine National Bank (PNB), the sole appellant now before us, filed a motion in the District Court under Fed.R.Civ.P. 60(b), 28 U.S.C.A., to set aside the judgment, asking a new trial on the basis of newly-discovered evidence.[2]

---

1. 40 Stat. 419 (1917), as amended, 50 U.S. C.A.Appendix, § 9(a).

2. The pertinent portions of Rule 60(b), as amended in 1946, provide:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time

to move for a new trial under Rule 59 (b); * * *. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. * * * This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding * * *. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of

This appeal is taken from the District Court's denial, without opinion, of appellant's motion. The judgment which appellant here seeks to have set aside was entered on July 1, 1958. Appellant's motion under Rule 60(b) was filed on January 6, 1960, more than one year later. By express provision in the Rule, the District Court may not entertain a motion to relieve a party from a final judgment, made on the basis of newly-discovered evidence, unless the motion is filed within one year of the time the challenged judgment was entered. Appellees urge that this bars appellant's motion. Appellees also contend that the saving clause of the Rule, which permits the court "to entertain an independent action to relieve a party from a judgment, order or proceeding," cannot be applied here.

We need not decide, however, whether appellant's motion can be construed as an attempt to bring an independent action,[3] perhaps similar to a common law bill of review,[4] or what the time limit would be for the bringing of such an action.[5]

Even assuming that the motion can be so construed, and that it was timely brought, we do not think that the District Judge erred when he denied the relief requested. We reach this conclusion because we think that in an independent action seeking relief from a judgment on the basis of newly-discovered evidence and asking for a new trial the plaintiff must meet the same substantive requirements as govern a motion for like relief under Rule 60(b): he must show that the evidence was not and could not by due diligence have been discovered in time to produce it at trial;[6] that it would not be merely cumulative; and that it would probably lead to a judgment in his favor.[7] Here the judge who tried the case, and who was fully familiar with the evidence formerly offered, decided that plaintiff-appellant was not entitled to relief. We find no sufficient basis for setting aside his decision.[8]

Accordingly, the order of the District Court will be

Affirmed.

---

a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

Appellant's motion offers new evidence in support of its claim that the vested currency was in the possession of and belonged to PNB.

3. Compare Hadden v. Rumsey Products, 2 Cir., 1952, 196 F.2d 92, 95; Sebastiano v. United States, D.C., 1951, 103 F.Supp. 278, affirmed 6 Cir., 1952, 195 F.2d 184. Appellees urge that if appellant's motion is treated as an independent action within the meaning of Rule 60(b), it is a separate and unconsented suit against the sovereign, over which this court would have no jurisdiction. Under our disposition of this case, however, it is unnecessary to rule on this contention.

4. See Craig v. Smith, 1879, 100 U.S. 226, 25 L.Ed. 577; Fraser v. Doing, 1942, 76 U.S.App.D.C. 111, 114, 130 F.2d 617, 620.

5. See Notes of Advisory Committee on Amendments to Rules, as amended December 27, 1946, where the Committee

says, inter alia, with respect to Rule 60 (b):

"If the right to make a motion is lost by the expiration of the time limits fixed in these rules, the only other procedural remedy is by a new or independent action to set aside a judgment upon those principles which have heretofore been applied in such an action. Where the independent action is resorted to, the limitations of time are those of laches or statutes of limitations."

We need not opine whether or not the last sentence quoted is a correct statement of the law.

6. See, e. g., Greenspahn v. Joseph E. Seagram & Sons, 2 Cir., 1951, 186 F.2d 616; Hartford Accident & Indemnity Co. v. Shaw, 8 Cir., 1959, 273 F.2d 133.

7. See, e. g., Baruch v. Beech Aircraft Corp., 10 Cir., 1949, 172 F.2d 445; United States v. 72.71 Acres, etc., D.C. Md.1957, 157 F.Supp. 401.

8. Cf. Boomhower, Inc. v. American Automobile Insurance Co., 1958, 102 U.S.App. D.C. 144, 251 F.2d 385.