Edward L. SCHEMPP et al.

v.

SCHOOL DISTRICT OF ABINGTON TOWNSHIP, PA., et al.

Civ. A. No. 24119.

United States District Court
E. D. Pennsylvania.

Feb. 1, 1962.

Henry W. Sawyer, III, Wayland H. Elsbree, Philadelphia, Pa., for plaintiffs.

C. Brewster Rhoads, Sidney L. Wickenhaver, Philip H. Ward, III, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., Percival R. Rieder, Abington, Pa., for defendants and School Dist. of Abington.

David Stahl, Atty. Gen. of Pennsylvania, John D. Killian, III, Deputy Atty. Gen., for Superintendent of Public Instruction.

Lewis F. Adler, Harrisburg, Pa., for Pennsylvania State Education Ass'n.

Maximillian J. Klinger, Theodore R. Mann, Philadelphia, Pa., for American Jewish Congress, amicus curiae.

Sydney C. Orlofsky, Philadelphia, Pa., for Jewish Community Relations Counsel of Greater Philadelphia, amicus curiae.

Lois G. Forer, Philadelphia, Pa., amicus curiae.

Before BIGGS, Circuit Judge, and KIRKPATRICK and KRAFT, District Judges.

BIGGS, Circuit Judge.

For a full understanding of the problems presented by this case it will be necessary to read our earlier opinions at D.C.1959, 177 F.Supp. 398; D.C.1959, 184 F.Supp. 381; and D.C.1961, 195 F. Supp. 518. To recapitulate events briefly we state that the suit at bar was brought on February 14, 1958, by Edward and Sidney Schempp as parents and natural guardians of the minor plaintiffs, Ellory, Roger and Donna, all residents of Abington Township, Pennsylvania, against the School District of Abington Township, against the Principal of the Abington Senior High School and the Principal of the Huntingdon Junior High School, in Abington Township. The purpose of the suit was to have this court declare unconstitutional Section 1516 of the Pennsylvania Public School Act of March 10, 1949, as it then existed. 24 P.S. § 15-1516. Section 1516 provided for the compulsory reading of ten verses of the "Holy Bible" at the opening of each public school in the Commonwealth of Pennsylvania on each school day by teachers or by students and prescribed a specific penalty to be imposed on a teacher in case of failure to obey the mandate of the statute.

The Schempps, who are Unitarians, objected to the Bible reading pursuant to the statute on the grounds, among others, that this constituted an establishment of religion and prohibited the free exercise

of religion in violation of the First Amendment. We agreed with these contentions and on September 17, 1959, entered a judgment declaring the statute unconstitutional and enjoined its enforcement. See D.C.1959, 177 F.Supp. 398. The defendants appealed to the Supreme Court of the United States. Thereafter Act No. 700 was passed by the General Assembly of Pennsylvania and became effective on December 17, 1959. Thereby the Act of March 10, 1949 was amended. The amending Act provides as follows: "At least ten verses from the Holy Bible shall be read, without comment, at the opening of each public school on each school day. Any child shall be excused from such Bible reading, or attending such Bible reading, upon the written request of his parent or guardian." See 24 P.S. § 15–1516 (Supp.1960). Following the enactment of this amendment and certain steps which need not be set out here, the Supreme Court on October 24, 1960, handed down a *per curiam* opinion and order, 364 U.S. 298, 81 S.Ct. 268, 5 L.Ed.2d 89, vacating our judgment and remanding the case for such further proceedings as might be appropriate in the light of the amending statute.

On January 4, 1961, the plaintiffs moved for leave to file a supplemental pleading under Rule 15(d), Fed.R.Civ. Proc., 28 U.S.C. The supplemental pleading, really a supplemental complaint, provides only for the substitution in the original complaint of the new citation and text of the amended statute in place of the citation and text of the statute as it was prior to amendment and the elimination of all the paragraphs in the complaint relating to Ellory Schempp, he having graduated from the Abington Senior High School. The amendments have been allowed and the supplemental

pleading has been filed. For a more detailed description of what took place see D.C.1959, 184 F.Supp. 381, and D.C.1961, 195 F.Supp. 518. The Superintendent of Public Instruction of the Commonwealth of Pennsylvania has been permitted to intervene as a party defendant.

Hearing has been had on the amended pleadings. Evidence has been taken. The case has been fully briefed and argued. It is now ripe for decision.

It is unnecessary to review the evidence taken at the former hearings or to repeat here the findings of fact set out in our first opinion, reported at D.C.1959, 177 F.Supp. 398 et seq. The present Bible reading statute permits a student to be excused from attending Bible reading upon the written request of his parent or guardian. The statute itself contains no specific penalty to be imposed upon the teacher who fails to observe its mandate as was the case prior to the 1959 amendment. The teacher, however, who refuses or fails to obey the mandate of the amended statute may have his contract of employment terminated pursuant to 24 P.S. § 11–1122 (Supp.1960). This is a provision of the Pennsylvania Public School Act which speaks strongly for itself and is set out in the margin.[1]

The procedure followed in the Abington Senior High School, following the amendment of Section 1516, did differ somewhat from that which was in effect prior to the amendment. We describe it briefly. The children attending the High School, Roger and Donna included, reported to their "homerooms" at 8:15 A.M. and a few minutes thereafter the Bible reading began with each pupil seated "at attention". The Bible reading consists of reading, without comment, over a loud speaker ten verses of the King James Version of the Bible. Then

---

1. 24 P.S. § 11–1122 (Supp.1960) provides: "The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, advocation of or participating in un-American or subversive doctrines, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe * * *." See also Board of Public Education, School District of Philadelphia v. Bernard August, 406 Pa. 229, 177 A.2d 809 (1962).

the children stood and repeated, with the public address system leading them, the Lord's Prayer. Next, still standing, the children gave the Flag Salute. They then sat down. Announcements were made and when the announcements were completed the students went to their classrooms for the first classes of the day.

Edward Schempp, the children's father, testified that after careful consideration he had decided that he should not have Roger or Donna excused from attendance at these morning ceremonies. Among his reasons were the following. He said that he thought his children would be "labeled as 'odd balls' " before their teachers and classmates every school day; that children, like Roger's and Donna's classmates, were liable "to lump all particular religious difference[s] or religious objections [together] as 'atheism' " and that today the word "atheism" is often connected with "atheistic communism", and has "very bad" connotations, such as "un-American" or "anti-Red",[2] with overtones of possible immorality. Mr. Schempp pointed out that due to the events of the morning exercises following in rapid succession, the Bible reading, the Lord's Prayer, the Flag Salute, and the announcements, excusing his children from the Bible reading would mean that probably they would miss hearing the announcements so important to children. He testified also that if Roger and Donna were excused from Bible reading they would have to stand in the hall outside their "homeroom" and that this carried with it the imputation of punishment for bad conduct.

The plaintiffs seek to enjoin the enforcement of Section 1516 as now amended and to have it and the practices carried on pursuant to it at the Abington Senior High School declared unconstitutional as an establishment of religion and as an interference with the free exercise of religion. The defendants maintain, among other things, that the plaintiffs have failed to prove that they have sustained any injury to a constitutionally protected right and that therefore they are without standing to maintain the suit at bar. The defendants insist that it follows that this court is without jurisdiction to determine whether the statute or the exercises conducted under it are constitutional. They contend also that the statute does not establish a religion and that it does not interfere with the free exercise of religion and vigorously assert that the doctrine of abstention requires this court to stay its hand.

■■ As to the preliminary questions of law we think we need not say much more than that which is set out under heading "III" of our first opinion, 177 F.Supp. 402–403, except in two respects. The statute now *sub judice* provides, as has been said, that a child may be excused from attendance at the Bible reading on the written request of his parent or guardian. But since, as will appear hereinafter, we decide this controversy on the "Establishment of Religion" clause of the First Amendment the exculpatory phrase cannot aid the defendants' argument that the doctrine of abstention is applicable for, as we will show, there is religious establishment in this case whether pupils are or are not excused from attendance at the morning exercises. It is also true, as the defendants point out, that Section 1516 as amended by the Act of 1959, has not been long in existence, but this cannot be considered to be a decisive factor. There is no suggestion or even hint that the important issues presented by this case will be litigated in the Pennsylvania Courts. We have no doubt that substantial federal questions are presented for adjudication by the present litigation. We therefore must proceed to decide this controversy on the merits.

The attendance by the minor plaintiffs, Roger and Donna Schempp, at the Abington Senior High School is compulsory. See 24 P.S. § 13–1327 (Supp.1960). The

---

2. The word used by Mr. Schempp was "anti-Red". We assume that he meant to use the word "pro-Red".

reading of ten verses of the Holy Bible[3] under the present statute also is compelled by law. The reading of the verses, even without comment, possesses a devotional and religious character and constitutes in effect a religious observance. The devotional and religious nature of the morning exercises is made all the more apparent by the fact that the Bible reading is followed immediately by a recital in unison by the pupils of the Lord's Prayer. The fact that some pupils, or theoretically all pupils, might be excused from attendance at the exercises does not mitigate the obligatory nature of the ceremony for the "new" Section 1516, as did the statute prior to its 1959 amendment, unequivocally requires the exercises to be held every school day in every school in the Commonwealth. The exercises are held in the school buildings and perforce are conducted by and under the authority of the local school authorities and during school sessions. Since the statute requires the reading of the "Holy Bible", a Christian document, the practice, as we said in our first opinion, prefers the Christian religion. The record demonstrates that it was the intention of the General Assembly of the Commonwealth of Pennsylvania to introduce a religious ceremony into the public schools of the Commonwealth.

The case at bar is governed by McCollum v. Board of Education, 333 U.S. 203, 68 S.Ct. 461, 92 L.Ed. 649 (1948). Its essential facts and those of McCollum are quite similar. They need not be compared here. As was said by Mr. Justice Black in McCollum, at p. 212, 68 S.Ct. at page 465: "[T]he First Amendment rests upon the premise that both religion and government can best work to achieve their lofty aims if each is left free from the other within its respective sphere. * * * [T]he First Amendment has erected a wall between Church and State which must be kept high and impregnable." In Zorach v. Clauson, 343 U.S. 306, 315, 72 S.Ct. 679, 684, 96 L.Ed.

954 (1952), Mr. Justice Douglas stated, "We follow the McCollum case.", and this was reiterated in Torcaso v. Watkins, 367 U.S. 488, 494, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961). In Torcaso Mr. Justice Rutledge's dissenting opinion in Everson v. Board of Education 330 U.S. 1, 59, 67 S.Ct. 504, 532, 91 L.Ed. 711 (1947), was quoted with approval: "[W]e have staked the very existence of our country on the faith that complete separation between the state and religion is best for the state and best for religion. Remonstrance, Par. 8, 12." The Commonwealth of Pennsylvania has seen fit to breach the wall between church and state.

We hold the statute as amended unconstitutional on the ground that it violates the "Establishment of Religion" clause of the First Amendment made applicable to the Commonwealth of Pennsylvania by the Fourteenth Amendment. We find it unnecessary to pass upon any other contention made by the plaintiffs in respect to the unconstitutionality of the statute or of the practices thereunder.

We reiterate the findings of fact made in our first opinion, handed down on September 16, 1959, as amended September 22, 1959, except those contained therein which are inconsistent with the findings specifically made in this opinion. In addition to the findings of fact in our prior opinion and in this opinion we make the following additional findings of fact and conclusions of law. Rule 52, F.R.Civ. Proc., 28 U.S.C.

### FINDINGS OF FACT

1. Plaintiffs Edward Louis Schempp and Sidney Gerber Schempp are the parents and natural guardians of minor plaintiffs Roger Wade Schempp and Donna Kay Schempp, residing in Montgomery County, Pennsylvania.

2. All of the defendants reside or are located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

---

3. The Bible employed was the King James Version. See note 10 cited to the text of our first opinion, 177 F.Supp. at p. 400.

3. Minor plaintiffs Roger Schempp and Donna Schempp are presently eleventh grade students in the Abington Senior High School, Abington Township, Montgomery County, Pennsylvania.

4. At the school attended by the minor plaintiffs there is an opening period each day observed by the reading of ten verses of the Bible.

5. The reading of the Bible each day is followed by a standing recitation in unison of that portion of the New Testament known as the Lord's Prayer.

6. The attendance of each student at the ceremony of the Bible reading is compulsory unless the student produces a written excuse from his or her parent or guardian.

7. The practice of the daily reading of ten verses of the Bible in the public schools of Abington Township constitutes religious instruction and the promotion of religiousness.

8. The practice of the daily reading of ten verses of the Bible together with the daily recitation of the Lord's Prayer in the public schools of Abington Township is a religious ceremony.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and the subject matter of this litigation under Sections 1343, 2281, Title 28 United States Code. The instant three-judge court was properly convened pursuant to Section 2284, Title 28 United States Code, and has before it substantial federal questions for adjudication.

2. The practice of reading ten verses of the Bible each day in the public schools of Abington Township is pursuant to the mandatory provisions of Section 1516 of the Pennsylvania Public School Code of March 10, 1949, as amended.

3. Section 1516 of the Pennsylvania Public School Code of March 10, 1949, as amended, violates the First Amendment to the United States Constitution as applied to the states by the Fourteenth Amendment in that it provides for an establishment of religion.

4. The combined practice of Bible reading and mass recitation of the Lord's Prayer by students in the public schools of Abington Township violates the First Amendment to the United States Constitution as applied to the states by the Fourteenth Amendment in that said practice provides for an establishment of religion.

The motion of the defendants to strike out the plaintiffs' testimony taken at the hearings in this case, prior to the amendment of Section 1516 in 1959, on the ground that the supplemental pleading states a new cause of action will be denied.

The motion of the defendants to dismiss the supplemental pleading on the ground that it fails to state a cause of action will be denied.

## FINAL DECREE

The plaintiffs having filed their complaint on February 14, 1958, and having amended their complaint by authority of the court by way of a supplemental pleading filed January 4, 1961, and answers having been duly filed, and a three-judge court having been convened pursuant to Section 2284, Title 28 United States Code, and hearings having been held and testimony taken by the court, and briefs having been filed and argument having been heard, now therefore it is

ORDERED, ADJUDGED AND DECREED as follows:

1. The defendants are perpetually enjoined and restrained from reading and causing to be read, or permitting anyone subject to their control and direction to read, to students in the Abington Senior High School, Abington Township, Montgomery County, Pennsylvania, any work or book known as the Holy Bible, as directed by Section 1516 of the Pennsylvania Public School Code of March 10, 1949, P.L. 30, as amended, in conjunction with, or not in conjunction with, the saying, the reciting, or the reading of the Lord's Prayer; provided, that nothing herein shall be construed as interfering with or prohibiting the use

of any books or works as educational, source, or reference material;

2. The defendants' motion to strike out the plaintiffs' testimony taken at the hearings in this case prior to the amendment of Section 1516 in 1959 is denied;

3. The defendants' motion to dismiss the plaintiffs' supplemental pleading on the ground that it fails to state a cause of action is denied.