Peter **GIORDANO** and Mae Giordano,
Husband and Wife, Appellants,

v.

Joseph E. **McCARTNEY** and Pecora
Trucking Co., Inc. and Frigid
Express, Inc., Appellees,

v.

Peter **GIORDANO**, Third-Party
Defendant.

No. 16343.

United States Court of Appeals
Third Circuit.

Argued April 20, 1967.

Decided Oct. 18, 1967.

James M. Moran, Cohen & Verlin, Philadelphia, Pa., for appellants.

Joseph G. Manta, LaBrum & Doak, Philadelphia, Pa. (William B. Freilich, Daniel J. Ryan, LaBrum & Doak, Philadelphia, Pa., on the brief), for appellees, Pecora Trucking Co., Inc. and Frigid Express, Inc.

James Paul Dornberger, Philadelphia, Pa., for appellee, Peter Giordano, third-party defendant.

Before SMITH and FREEDMAN, Circuit Judges, and WORTENDYKE, District Judge.

## OPINION OF THE COURT

PER CURIAM.

The plaintiffs, Mae and Peter Giordano, husband and wife, were involved in a collision with a truck driven by the defendant McCartney on the business of the corporate defendants. Damages were sought primarily for injuries suffered by Mae Giordano. Peter Giordano sought damages for medical expenses resulting from his wife's injuries, the repair of his automobile, and for loss of consortium. A third party action was filed by the defendants against Peter Giordano.

At the trial a critical issue arose as to whether the plaintiff vehicle was driven by Mae or Peter Giordano at the time of the accident. This issue was resolved in favor of the corporate defendants. In response to special interrogatories, Fed.Rules Civ.Proc. 49(a), the jury found that Mae Giordano was the driver of the plaintiff vehicle and that she and the defendant McCartney had been jointly negligent. Judgment was entered accordingly.

Plaintiffs appealed from the trial court's denial of their motion for a new trial, made pursuant to Fed.Rules Civ. Proc. 60(b) and grounded on an allegation of newly discovered evidence. The alleged newly discovered evidence is contained in two affidavits given by the defendant McCartney, fifteen and twenty-three days after the jury verdict, stating that Peter Giordano and not Mae was driving plaintiff vehicle. McCartney, an out-of-state resident, was not present at trial although all parties had listed him as a prospective witness. Defense counsel, after numerous unsuccessful attempts had been unable to ascertain his whereabouts and produce him for depositions. As a result an order was entered precluding any party from calling him as a witness. On October 8, 1965, some five months prior to the commencement of the trial of this matter counsel, who had been representing all three defendants, was granted leave to withdraw as counsel for McCartney. The same counsel continued to represent the corporate defendants.

A motion for relief under Rule 60(b) is directed to the sound discretion of the trial court and its exercise of that discretion will not be disturbed unless there was a clear abuse. Brown v. Pennsylvania Railroad Company, 282 F.2d 522, 527 (3rd Cir. 1960), cert. denied 365 U.S. 818, 81 S.Ct. 690, 5 L.Ed.2d 696; Wagner v. Pennsylvania Railroad Company, 282 F.2d 392, 397–398 (3rd Cir. 1960); Neville v. American Barge Line Company, 218 F.2d 190, 191 (3rd Cir. 1954). To entitle a party to a new trial on the grounds of newly discovered evidence it must appear that the evidence is not merely cumulative, that it could not have been discovered prior to trial through the exercise of reasonable diligence, and that the evidence is such as would probably change the outcome. Philippine National Bank v. Kennedy, 111 U.S.App.D.C. 199, 295 F.2d 544, 545 (1961); English v. Mattson, 214 F.2d 406, 409 (5th Cir. 1954); 7 Moore, Federal Practice ¶ 60.23[4] at 243 (2nd ed.1966); Cf. United States v. Rutkin, 208 F.2d 647, 649 (3rd Cir. 1953). The proffered testimony of McCartney clearly failed to meet the test of newly discovered evidence.

We have carefully studied the record and are of the opinion that there was no abuse of discretion by the trial court. Plaintiffs have not satisfactorily explained why no attempt was made to locate and question McCartney after his attorney had withdrawn and prior to trial. The ease and speed with which he

was found subsequent to trial demonstrates that with the exercise of reasonable diligence he could have been interviewed prior to trial. In addition, any testimony by McCartney would be cumulative to that of the plaintiffs and to his tacit admission which appears in Officer Canone's testimony. Because of its cumulative nature its effect at a second trial could not be considered problematic.

The order of the District Court will be affirmed.