**DAVID MEYERS, Plaintiff**

**v.**

**ROBERT CANTON and MARIA CANTON, their heirs and next of kin, ADINA KEAN and OSMOND KEAN and all other persons claiming an interest in Real Property No. 11 Nordsidevej, Queen's Quarter, St. Thomas, Virgin Islands, Defendants**

## No. 283-1966

## District Court of the Virgin Islands

Div. of St. Thomas and St. John

## February 28, 1969

CROXTON WILLIAMS, ESQ., *for plaintiff*

GEORGE H. T. DUDLEY, ESQ., *for defendants Canton*

BIRCH, deJONGH AND FARRELLY, ESQS., (ALEXANDER A. FARRELLY, ESQ., of counsel), *for defendants Kean*

STALEY, *Circuit Judge

### MEMORANDUM AND ORDER

Pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure, David Meyers moves this Court for a new trial on the basis of "newly discovered evidence." After a trial in August, 1968, this Court held that movant did not obtain title to lots 11 and 11A Nordsidevej by adverse possession. At the trial Meyers testified that he purchased the lots in 1932 from a Mr. Finch, a man who admittedly was not the record owner. Meyers stated that he could not produce the receipt that Finch gave him because it had been destroyed in a flood in 1960. Since the August trial movant has found the alleged receipt which is entitled "Contract of Sale" and which has been half eaten by rats so that neither the full names of parties nor the year of the execution of the document are legible.

If a movant is to succeed under Rule 60(b)(2) in obtaining a new trial on the basis of newly discovered evidence he must satisfy the court that the evidence was not and could not by due diligence have been discovered in time to produce it at trial, that it would not be merely cumulative, and that it would probably lead to a judgment in his favor. Knight v. Hersh, 313 F.2d 879 (C.A.D.C., 1963); Philippine National Bank v. Kennedy, 295 F.2d 544 (C.A.D.C., 1961); United States v. 72.71 Acres of Land, 167 F.Supp. 512 (D. My., 1958), aff'd. sub. nom. Webb v. United States, 273 F.2d 416 (C.A. 4, 1960). After carefully reviewing the record of the trial in light of the newly discovered evidence, the court is of the firm

---

* Sitting by designation.

view that this "Contract of Sale" is merely cumulative evidence and would not lead to a judgment in movant's favor.

It is evident from the record of the August trial that even if this document had been admitted into evidence to substantiate movant's statements that he bought the property from Finch, the opposing evidence bearing on the issue of whether movant obtained title to lots 11 and 11A Nordsidevej by virtue of adverse possession was of such quality and persuasiveness that the court would have nevertheless ruled against movant. And it is the view of the court that a similar decision would be rendered if a new trial were held.

Accordingly, the motion for a new trial will be overruled.