Ronald L. ANDERSON, P. Kenneth Peterson, and Paul A. Rasmussen, as members of the Public Service Commission of and for the State of Minnesota, Plaintiffs,

v.

The UNITED STATES of America; The Interstate Commerce Commission; and The Chicago, Rock Island and Pacific Railway Company, Defendants.

No. 4–69–Civ. 259.

United States District Court
D. Minnesota,
Fourth Division.

Nov. 12, 1969.

On Motion to Reconsider
March 6, 1970.

Norton M. Hatlie, Sp. Asst. Atty. Gen. for State of Minnesota, St. Paul, Minn., for plaintiffs.

Robert G. Renner, U. S. Atty., by Ralph E. Koenig, Asst. U. S. Atty., Richard W. McLaren, Asst. Atty. Gen., Department of Justice, and George Edelstein, Department of Justice, Washington, D. C., for defendant United States of America.

Fritz R. Kahn, Acting General Counsel, Interstate Commerce Commission, and Philip W. Getts, Attorney, Interstate Commerce Commission, for defendant Interstate Commerce Commission.

Philip Stringer and Stringer, Donnelly & Sharood, St. Paul, Minn., for defendant Chicago, R. I. & P. R. Co.

Before BLACKMUN, Circuit Judge, and DEVITT and LARSON, District Judges.

MEMORANDUM DECISION

LARSON, District Judge.

This action is brought by Ronald L. Anderson, P. Kenneth Peterson, and Paul A. Rasmussen, as members of the Public Service Commission for the State of Minnesota, praying for an Order of this Court:

(1) Declaring that the "Notice," dated July 14, 1969, of the Interstate Commerce Commission permitting the discontinuance of passenger trains Nos.

17–18 between Minneapolis, Minnesota, and Kansas City, Missouri, by the Chicago, Rock Island and Pacific Railway Company is arbitrary and null and void, under the Interstate Commerce Act and the Administrative Procedure Act;

(2) Temporarily and permanently enjoining the defendants, the Interstate Commerce Commission and the Chicago, Rock Island and Pacific Railway Company, from putting into effect or implementing the discontinuance of passenger trains Nos. 17–18 between Minneapolis, Minnesota, and Kansas City, Missouri, pursuant to the "Notice" of July 14, 1969.

▪ On June 23, 1969, pursuant to Section 13a(1) of the Interstate Commerce Act, the defendant railroad filed with the Interstate Commerce Commission a Statement in Relation to Proposed Discontinuance of passenger trains Nos. 17 and 18 operating daily between Minneapolis and Kansas City, said discontinuance to become effective July 25, 1969. Later, on July 10, 1969, the plaintiff Minnesota Public Service Commission, citing elements of public convenience and necessity, filed a "protest" contesting the proposed action of the railroad.

On July 22, 1969, plaintiffs received a notice from the Interstate Commerce Commission informing them that in light of the then existing fact situation that the Commission had decided not to investigate the proposed discontinuance. Included also was an admonition to the Railroad that the service must continue until July 25, 1969, which was subsequently complied with. The plaintiffs now move this Court to assert jurisdiction over this controversy and grant them declaratory and injunctive relief.

The plaintiffs admit that their moving papers challenge the established position of this Court, yet they request the Court to alter its stance on the jurisdictional aspects of this problem and then to reverse or overrule the discretion of the Interstate Commerce Commission. We decline to do either.

Recognizing that there does exist some dispute over the propriety of a Three Judge Court assuming jurisdiction over questions such as those presently raised, we are still of the opinion that the decision in State of Minnesota v. United States, D.C.Minn., 238 F.Supp. 107 (1965), is the better point of view. Several of the cases cited by the plaintiffs are perhaps distinguishable because they deal with actual orders rather than the mere election not to investigate. Compare State of Vermont v. Boston and Maine Corporation, 269 F.Supp. 80 (D.Vt.1967); City of Williamsport v. United States, 273 F.Supp. 899 (M.D. Pa.1967); City of Williamsport v. United States, 282 F.Supp. 46 (M.D.Pa. 1968); California v. United States, 258 F.Supp. 950 (N.D.Calif.1966), with State of Minnesota v. United States, *supra*; State of New Jersey v. United States, 168 F.Supp. 324 (D.N.J.1958), aff'd per curiam 359 U.S. 27, 79 S.Ct. 607, 3 L.Ed.2d 625, reh. den. sub nom. (Note also, that in all of the above cases cited by the plaintiffs in support of their position, the party appealing from the Commission's Order received an adverse determination on the merits from the Court that entertained jurisdiction.)

In Public Service Board of State of Vermont v. United States, 87 S.Ct. 3, 17 L.Ed.2d 41 (1966), another case cited in plaintiffs' brief, Justice Harlan gave tacit approval to the *Minnesota-New Jersey* line of reasoning which has also been adopted by New Hampshire in State of New Hampshire v. Boston and Maine Corporation, 251 F.Supp. 421 (D. N.H.1965). Justice Harlan stated:

> "My reasons for denying the application are threefold. First, although I do not find it necessary to decide the points, there are substantial issues as to whether the District Court had jurisdiction to entertain the proceeding at this stage. See, e. g., State of New Hampshire v. Boston and Maine Corporation, *supra,* State of Minnesota v. United States, *supra,* and see further 49 U.S.C. § 17(9). * * *"

▪ We are not persuaded by plaintiffs' arguments and thus would reaf-

firm the language and reasoning employed in *State of Minnesota,* to wit:

"If the Commission decides not to interfere with the cutbacks in service, then it simply takes no action beyond terminating the investigation. If it decides that the service should be continued, then the hearings must provide a record which adequately supports the required conclusions as to the need for the service and the burden on the carrier of providing it. Those findings would be reviewable by the Courts. The mere decision of the Commission to take no action is not." 238 F.Supp. at 112.

Alternatively, we would note that we cannot perceive any merit in compelling trains 17 and 18 to continue in operation. The defendant railroad lost $1,174,758 last year and has a projected loss of $1,436,522 for the current year. There has been a steady decline in the number of patrons, which largely may be due to the numerous other available means of transportation. In light of the somewhat precarious financial condition of the railroad, the continued operation of these trains would seem wholly unjustified.

Plaintiffs' requests for declaratory and injunctive relief are hereby denied.

Defendants' motions to dismiss for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction are hereby granted.

### On Motion to Reconsider

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure plaintiffs on January 12, 1970, moved this Court to reconsider its final Order, dated November 12, 1969, dismissing plaintiffs' complaint. Plaintiffs refer to the recent Supreme Court decision in City of Chicago v. United States et al., 396 U.S. 162, 90 S.Ct. 309, 24 L.Ed.2d 340 (December 9, 1969), in support of the position they previously urged. On January 9, 1970, plaintiffs filed a notice of appeal to the Supreme Court.

We note at the outset that it is doubtful that this Court has jurisdiction to entertain the motion presently pending. It has been held, and logically so, that when an appeal is taken from a Court's Order that Court thereby loses any jurisdiction it might have to vacate, alter, or amend its earlier findings. In the case of Schempp v. School District of Abington Township, Pennsylvania, 184 F.Supp. 381 (E.D.Pa.1959), the plaintiffs petitioned a three-judge court under Rule 60(b) to reconsider its decision in light of an amendment to the school code which was in issue. At the same time, the plaintiffs also had an outstanding notice of appeal, which caused the Court to conclude that it was without jurisdiction. The Court stated:

"Obviously, when a notice of appeal has been filed within the time prescribed an appeal has been taken. When an appeal has been taken to a higher court, as prescribed by law, ordinarily the jurisdiction of the lower court is ousted by that of the higher tribunal." (At p. 383.)

If, contrary to the above quoted language, we were to assume jurisdiction, our decision would be to deny plaintiffs' motion. Although the *City of Chicago* opinion sheds light on a heretofore confused area of the law, its holdings are in no way inconsistent with the decision previously rendered by this Court. It must be kept in mind that the present controversy arose out of a decision not to investigate, while the *City of Chicago* circumstances involved an investigation and then a decision to terminate the investigation. It appears quite clear that this Court's earlier findings are consistent with the following language employed by Justice Douglas in *City of Chicago:*

"Whether the Commission should make an investigation of a § 13a(1) discontinuance is of course within its discretion, a matter which is not reviewable. State of New Jersey v. United States, 168 F.Supp. 324, affirmed, Bergen County v. United States, 359 U.S. 27, 79 S.Ct. 607, 3 L.Ed.2d 625. But

when the Commission undertakes to investigate, it is under a statutory mandate \* \* \*. A decision to investigate indicates that a substantial question exists under the statutory standards." 90 S.Ct. at 311.

In the instant case the Commission decided not to investigate. Our prior decision will be sustained, and the plaintiffs' motion denied.